Taylor Washburn, WSBA No. 51524
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com

*Attorneys for Plaintiffs RACOM Corporation and Eastern Communications, Ltd., LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation; and STEVE MCLAUGHLIN, an individual,<br><br>Defendants. | Case No. 2:25-cv-00312<br><br>**COMPLAINT** |

Plaintiffs RACOM Corporation and Eastern Communications, Ltd., LLC (together, RACOM) bring this action against Defendants DEA Incorporated d/b/a Frontline Communications Systems (Frontline) and Steve McLaughlin. In support of its claims, RACOM alleges as follows:

## I.    PRELIMINARY STATEMENT

1. Defendant Steve McLaughlin, a former RACOM employee, has told others that he wants to put RACOM out of business in Washington. McLaughlin is now employed by a rival company, Defendant Frontline, where he has colluded with

COMPLAINT - 1
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

other former RACOM employees to misappropriate RACOM's trade secrets and to interfere with its contractual and business relationships with existing and prospective customers, in violation of state and federal law.

2. Employees or agents of Frontline have falsely told RACOM customers that RACOM is no longer doing business in central and eastern Washington, for the purpose of taking these customers and destroying RACOM's business in the region. These false statements have created confusion among RACOM's customers.

3. Frontline has also misappropriated RACOM's trade secrets by targeting and hiring RACOM's former employees with knowledge of such trade secrets, and by gaining access to a Dropbox cloud storage account with proprietary information about RACOM's customers and operations. This account was created by a RACOM employee who subsequently left RACOM for Frontline in July 2025; after joining Frontline, he changed the email address associated with this Dropbox account so that the account is now associated with his Frontline address, and can only be accessed by him or others at Frontline. On information and belief, this Dropbox account still contains valuable trade secrets of RACOM, and Frontline has misappropriated these trade secrets and is using them to court and service RACOM customers.

4. RACOM has suffered reputational and financial harm as a direct result of Defendants' unlawful conduct, and will suffer irreparable harm if it continues.

5. RACOM asserts three causes of action, as follows: Defendants have misappropriated RACOM's trade secrets, including customer lists and pricing data, in violation of the federal Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836, *et seq.* (Count One), and Washington's Uniform Trade Secrets Act (UTSA), RCW 19.108, *et seq.* (Count Two). In addition, Defendants have tortiously interfered with RACOM's relationships with existing and prospective customers (Count Three) by, among other things, misappropriating and misusing RACOM's trade secrets, and by making knowingly false statements about RACOM's operations.

COMPLAINT - 2
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## II.  PARTIES

6. Plaintiff Eastern Communications, Ltd., LLC (Eastern) is a New York limited liability company with its principal place of business in Queens, New York.

7. Plaintiff RACOM Corporation (RACOM) is a Delaware corporation with its principal place of business in Marshalltown, Iowa. RACOM is a wholly-owned subsidiary of Eastern.

8. Eastern and RACOM (together, RACOM) provide their customers with mission-critical communications equipment, infrastructure, field replacement parts, and technical and maintenance services. Many of these customers are in the fields of public safety (e.g., police and fire departments), transportation, and utilities.

9. On information and belief, Defendant DEA Incorporated, which uses the registered tradename "Frontline," is a Washington corporation with its principal place of business at 16208 East Lacrosse Lane, Spokane Valley, Washington. This is the mailing address listed for DEA Incorporated on the website of the Washington Secretary of State. Frontline's website (https://frontlinecs.net/) identifies Frontline's place of business as "16208 E. Lacrosse Ln."

10. Defendant Steve McLaughlin is an individual who resides in Spokane County, Washington. On information and belief, McLaughlin has been an employee, officer, and agent of Frontline since in or around November 2023.

## III.  JURISDICTION AND VENUE

11. This Court has federal-question jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, including the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

12. This Court also has supplemental jurisdiction over RACOM's state-law claims under 18 U.S.C. § 1837.

13. This Court also has diversity jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different states where the

COMPLAINT - 3
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

amount in controversy exceeds $75,000.

14. Venue is proper in the Eastern District of Washington under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more Defendants reside in this district, and a substantial part of the events giving rise to the claims occurred in this district.

## IV.    FACTUAL ALLEGATIONS

### A.    *RACOM, Frontline, and McLaughlin*

15. RACOM is a leading provider of critical communication infrastructure. It distributes, services, and maintains communications equipment, such as radio systems. It works with clients in various sectors, including the public safety, national security, oil and gas, transportation, and healthcare sectors, and its services range from basic device replacement to full-scale, 24/7/365 on-site support.

16. For example, RACOM provides comprehensive radio communication solutions for state, county, local, and tribal police and fire departments. Among other things, it sells, installs, services, and repairs radio systems relied upon by officers in the field and dispatch personnel.

17. RACOM maintains its principal place of business in Iowa, but has long served customers in Washington and neighboring states.

18. In February 2023, RACOM was acquired by Eastern. Today, RACOM continues to operate in Washington as a wholly-owned subsidiary of Eastern.

19. Defendant Steve McLaughlin joined RACOM as a general manager in Spokane Valley in November 2018, and RACOM continued to employ McLaughlin for several months after the Eastern acquisition.

20. McLaughlin resigned from RACOM on or around November 10, 2023.

21. On information and belief, McLaughlin did not agree with certain of the changes that RACOM instituted after the Eastern acquisition, including changes to McLaughlin's title and job duties.

22. After departing from RACOM, McLaughlin accepted a position as a

COMPLAINT - 4
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

division manager at a rival called Frontline, a tradename of DEA Incorporated. DEA Incorporated and Frontline appear to share the same principal office address (16208 East Lacrosse Lane) in Spokane Valley, Washington.

23. RACOM has learned that since McLaughlin left RACOM, he has told others that he wants to put RACOM out of business in Washington. Since departing RACOM, McLaughlin appears to have pursued this goal through his new employer.

24. According to Frontline's website, it "specialize[s] in complete upfit solutions[,] … [t]ying together lighting, radio communications and computing," and sells and repairs two-way radio systems. Frontline also says that it helps customers to acquire FCC licenses for communication systems.

25. Frontline is a direct competitor of RACOM, because both companies offer communication system installation and support services in central and eastern Washington and neighboring states. Specifically, each company sells radio systems to first responders, upfits public-safety vehicles, and provides installation and repair services for radio systems used by emergency personnel.

26. On information and belief, Frontline solicits and serves customers in Washington, Idaho, and Oregon from business locations in Spokane Valley, Yakima, and Moses Lake, Washington.

27. After leaving RACOM, McLaughlin began actively soliciting RACOM customers and employees to join Frontline, taking advantage of relationships he had built during his tenure at RACOM. On information and belief, McLaughlin has been using RACOM's proprietary information—such as customer lists and pricing data—to solicit potential customers for Frontline.

28. On or around August 19, 2024, RACOM sent McLaughlin a cease-and-desist letter related to this conduct. In this letter, RACOM objected to McLaughlin's misuse of RACOM's confidential information, as well as his improper solicitation of RACOM's clients and employees.

COMPLAINT - 5
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

**B.    Defendants' Unlawful Actions**

*Misappropriation and Misuse of RACOM's Trade Secrets*

29.    In 2024, after McLaughlin joined Frontline, Frontline hired a technician who had also previously worked for RACOM.

30.    While at RACOM, this technician was working on a purchase order for the Coeur d'Alene Tribe in Idaho, equipping tribal police vehicles that were stored temporarily on RACOM's premises. This work was in progress, with some vehicles already completed, when this technician departed RACOM for Frontline; after his departure, and before the work was complete, the Coeur d'Alene Tribe moved their vehicles from RACOM's parking lot to a Frontline facility.

31.    On information and belief, this technician also delayed ordering parts for another RACOM client, the Spokane Tribal Police, in the knowledge he would soon be departing RACOM for Frontline. After obtaining a quote and build date, the Spokane Tribal Police requested that the technician order parts and begin work. The technician did not order the parts, however; instead, he eventually departed RACOM and took the Spokane Tribal Police to Frontline as a customer.

32.    During the same time period, Frontline also acquired other significant customers from RACOM, including Avista Utilities, which provides energy services to customers in Washington, Idaho, and Oregon.

33.    On information and belief, Frontline acquired these and other important customers from RACOM using proprietary information of RACOM, acquired from McLaughlin and/or other former RACOM employees. This proprietary information included detailed customer lists and contact information compiled by RACOM, cost and pricing data, purchase orders, sales strategies, and internal procedures.

34.    In February 2025, Lee Copple, a salesperson based in Washington, left his position with RACOM without stating what company he was joining. RACOM later learned that Copple had joined Frontline.

COMPLAINT - 6
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

35. Soon after Copple's departure, another technician based in Washington also left his role at RACOM without identifying what company he was joining. It was later discovered that this salesman also joined Frontline.

36. Then, in late July 2025, four technicians in RACOM's Moses Lake and Yakima locations submitted resignations with a period of 24 hours. On information and belief, these technicians left RACOM as part of a coordinated recruiting effort by Frontline. One of these four technicians was Michael Geerhart, a technician who had maintained relationships with important RACOM customers.

37. On information and belief, Defendants deliberately coordinated the resignations of these four technicians in an effort to cripple RACOM's Washington operations and interfere with RACOM's ability to service its customers. In addition, on information and belief, Frontline targeted these four employees using proprietary information it had already misappropriated from RACOM, including data regarding employee work history, performance, and customer relationships. On information and belief, Frontline acquired this information from McLaughlin and/or other former RACOM employees who had already joined Frontline.

38. RACOM and Frontline are both expected to compete for an RFP to be issued in the near future by a current RACOM client, Yakima County. The RFP is likely to include a communications infrastructure project and radio system upgrade or installation worth tens of millions of dollars in total. Geerhart had been primarily responsible for RACOM's business relationship with Yakima County, and there is a serious risk Frontline will compete for this RFP using proprietary information it has already misappropriated from RACOM, resulting in irreparable harm to RACOM.

*Frontline's False Statements*

39. After the most recent departures of RACOM employees in July 2025, employees or agents of Frontline began telling RACOM's customers, falsely, that RACOM would soon be closing its operations in Moses Lake and Yakima, and that

COMPLAINT - 7
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Case 2:25-cv-00312-MKD    ECF No. 1    filed 08/18/25    PageID.8    Page 8 of 19

its customers should therefore move their business to Frontline.

40. In at least one instance, an employee or agent of Frontline provided a customer of RACOM with a modified version of a form used by RACOM, but with an altered logo and identifying information. A RACOM customer came to the door of a RACOM office carrying the altered form, and stating he believed that Frontline had acquired RACOM and that Frontline was now operating in RACOM's building. This RACOM customer was apparently misled by Frontline's use of an altered version of a form that had been created and used by RACOM.

41. In reality, RACOM is not closing or curtailing its operations in Moses Lake, Yakima, or elsewhere in eastern or central Washington. RACOM has over 100 skilled technicians and engineers nationwide who can support its ongoing operations in this region.

42. On information and belief, Frontline is fully aware that RACOM is not closing or curtailing its operations in Washington, but has made false statements to the contrary in an effort to steal RACOM's customers and destroy its reputation and its business operations in the region.

43. In addition, Frontline employees who were previously employed by RACOM have failed to inform existing RACOM customers that they have departed RACOM for Frontline. On information and belief, Frontline has encouraged these employees to mislead customers in an effort to take these customers from RACOM.

44. These false statements or omissions have damaged and will continue to damage RACOM's existing customer relationships, effectively steering work away from RACOM towards Frontline.

*Frontline's Theft of RACOM's Files Through Dropbox.com*

45. After technician Michael Geerhart departed RACOM for Frontline in July 2025, RACOM continued to monitor Geerhart's former RACOM email account to maintain contact with RACOM customers that might not be aware of Geerhart's

COMPLAINT - 8
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Case 2:25-cv-00312-MKD    ECF No. 1    filed 08/18/25    PageID.9    Page 9 of 19

departure from RACOM.

46. While RACOM was monitoring Geerhart's RACOM email account, that account received an email from Dropbox, the cloud storage company. The email indicated that the email address associated with the account had been changed from Geerhart's RACOM email address to his *Frontline* email address. The following is a screenshot of the email:

> Hi MIKE,
>
> Your Dropbox account's email address was recently changed.
>
> Old email address: mike.geerhart@racom.net
> New email address: mgeerhart@frontlinecs.net
>
> If you didn't make this change, please let us know.
>
> Thanks!
> - The Dropbox Team

47. After seeing this email, RACOM undertook a more comprehensive search of Geerhart's RACOM email account to see if it could identify the contents of this Dropbox account, which is now accessible only to Geerhart and potentially others at Frontline. In particular, RACOM reviewed emails from Dropbox which identified the titles of hundreds of documents Geerhart had placed in this Dropbox account before leaving RACOM; these titles indicate that the account contains RACOM's proprietary information and trade secrets.

48. For example, this Dropbox account appears to contain a large number of RACOM's propriety files relating to the deployment, configuration, and servicing

COMPLAINT - 9
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

of communication systems. These files list customized settings and operational parameters programmed into communication systems, like radios. This includes information such as channel assignments, frequencies, talk groups, and encryption keys. When radios are set up, deployed, configured, repaired or serviced, technicians use these files to ensure each device is correctly programmed to match agency requirements and works seamlessly with other radios in the system.

49. Each of these files is specific to an individual client and the products used by that client. RACOM developed these files internally or compiled them from manufacturing sources. Developing and compiling these files required significant time and resources. These files have substantial economic value, as they would allow a rival to quickly and easily service RACOM customers' communication systems.

50. A rival company like Frontline would gain an enormous economic and business advantage from having access to RACOM's configuration or set-up files, as these files would allow the competitor to solicit and then quickly and seamlessly take over RACOM's customer projects servicing radio communications. In essence, these files provide a blueprint for how to service RACOM's existing customers.

51. On information and belief, Frontline is using the proprietary data in this Dropbox account to compete with RACOM and solicit its customers.

*Frontline's Theft of RACOM's Customer Profiles and Contact Data*

52. On information and belief, Defendants have also misappropriated other proprietary information from RACOM in order to compete directly with RACOM by identifying and soliciting RACOM customers.

53. On information and belief, Defendants have used RACOM's customer contact lists and customer data to target RACOM customers and encourage them to move their business to Frontline. On information and belief, Frontline has done this through, among other things, using information stored on the cell phones of former RACOM employees who have joined Frontline; these phones had been subsidized

COMPLAINT - 10
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

1  by RACOM when these employees worked for RACOM.

2  54.    For example, on August 7, 2025, McLaughlin sent a high-priority email to the Kittitas County Sheriff's Office, a RACOM customer, to woo this customer away from RACOM. In this August 2025 email, McLaughlin touted Frontline's team of former RACOM employees: "We have brought Mike Geerhart on as our Operations Manager for the Yakima region and have several technicians that are from the Yakima area. Frontline is based in Spokane Valley, Washington with locations in Moses Lake[.] … Lee Copple is the Manager of our Moses Lake office."

55.    On information and belief, McLaughlin identified and targeted the Kittitas County Sheriff's Office as a potential Frontline customer using RACOM's proprietary information, including contact information and other valuable data about RACOM's past work for this customer.

56.    On information and belief, McLaughlin has solicited other RACOM clients in the same way, also using misappropriated information.

57.    The only reason RACOM became aware of McLaughlin's August 7, 2025 email is because the customer then forwarded it to Geerhart's RACOM email address, confused as to the identity of Frontline: "Hey Mike, did Frontline buy out RACOM, or is it a completely different company?" On information and belief, Defendants have actively sought to sow such confusion in the local market.

C.    ***RACOM's Proprietary Information is Valuable and Protected***

58.    Over years, RACOM has dedicated significant resources to developing and maintaining strong business ties with public safety, government, commercial entities throughout Washington and neighboring states.

59.    All RACOM's business relationships are formalized between RACOM and customers rather than specific sales staff; projects are managed centrally under strict managerial oversight.

60.    RACOM's internal databases house comprehensive customer contact

COMPLAINT - 11
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

data, historic project logs, contractual details, specialized requirements, technical drawings, security settings, purchase orders, developed unique methods, and set-up, configuration, and deployment files, built with years of investment and adapted to evolving local markets.

61. The economic value of RACOM's proprietary information is derived from RACOM's historical accumulation of information that cannot be replicated from public sources. RACOM acquired this information through servicing recurring customer accounts, working on major infrastructure purchases, collaborating with local governments, offering reliable tailored support rooted in deep experience, and specific knowledge of local and regional needs.

62. RACOM protects its proprietary information by restricting access, implementing confidentiality agreements, and stating expectations of confidentiality in employee handbook policies.

63. RACOM's devices that contain such proprietary information have access controls, including digital passwords and encryptions.

D. *Defendants' Improper Motives*

64. The departures of RACOM's technicians and employees, orchestrated by Defendants, show a pattern of coordinated recruitment and an intent to damage RACOM's Washington operations. The timing of these resignations suggests group action and motive rather than isolated decisions and regular workplace churn.

65. Defendants' orchestrated recruitment of RACOM employees and their knowingly-false statements to RACOM's customers, including false assertions that RACOM is closing or curtailing its operations in Washington, have already harmed RACOM's reputation and business in Washington and neighboring states, and will do irreparable harm to RACOM's reputation and business in the future.

66. RACOM has received communications from customers reflecting that they are confused about RACOM's future in Washington as a result of statements

COMPLAINT - 12
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

and actions by Defendants.

E.   **RACOM's Damages**

67.   The number of RACOM customers Defendants have solicited using RACOM's misappropriated trade secrets and through other improper means is not yet known to RACOM, but is likely significant. On information and belief, Frontline has successfully solicited RACOM customers using customer lists, pricing data, and configuration and setup files misappropriated from RACOM.

68.   RACOM has lost existing customers and has observed a major drop-off in phone calls and foot traffic at its locations in Moses Lake and Yakima. This has occurred as Defendants have taken the unlawful actions alleged herein.

69.   Defendants' actions have harmed RACOM in the form of lost revenues and the disruption of existing and potential relationships with customers. Defendants have already harmed RACOM—and unjustly enriched themselves—in an amount significantly exceeding $75,000.

V.   **CAUSES OF ACTION**
**COUNT ONE**
**Misappropriation of Trade Secrets Under the Defend Trade Secrets Act, (Acquisition of Trade Secrets by Improper Means), 18 U.S.C. § 1836,** *et seq.*
(Against Defendants Frontline and McLaughlin)

70.   RACOM re-alleges all allegations in the foregoing paragraphs.

71.   RACOM has carefully maintained the secrecy of certain proprietary business information, including, but not limited to, customer lists, pricing data, and configuration and set-up files. All of this proprietary information has independent economic value to RACOM, in part because it is not generally known to competitors, and it cannot be readily ascertained by the public through proper means. RACOM's customer lists contain detailed information about RACOM's current and prospective customers; these are unique compilations of information acquired by RACOM.

72.   This proprietary information has been subject to reasonable measures designed to preserve its secrecy. These measures include confidentiality agreements

COMPLAINT - 13
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

with employees, password protection, access controls, and an employee handbook and/or agreements that require the safeguarding of proprietary information.

73.  This proprietary information is used in, or intended for use in, interstate commerce. RACOM maintains its principal place of business in Iowa, and it is a wholly-owned subsidiary of Eastern, which maintains its principal place of business in New York. The proprietary information at issue in this case has been used in, or is intended for use in, various states, including Washington, Idaho, and Oregon.

74. Defendants have acquired this proprietary information of RACOM by improper means, including by theft and through breaches, or inducements to breach, a duty to maintain the secrecy of this information.

75. Specifically, on information and belief, Defendants have induced a number of former RACOM employees to provide Frontline proprietary information that these employees acquired while at RACOM, as to which these employees had a duty of secrecy or confidentiality. In addition, on information and belief, a former RACOM employee now employed by Frontline has stealthily transferred RACOM's proprietary information to his new employer, Frontline, via a Dropbox cloud storage account. On information and belief, Frontline instructed or authorized this employee to misappropriate RACOM's proprietary information, and has used the information to solicit RACOM customers.

76. On information and belief, the proprietary information misappropriated by Defendants has included RACOM customer lists, pricing data, and configuration and setup files for long-standing RACOM customers. At the time they obtained this proprietary information, Defendants were aware it had been acquired from RACOM under circumstances giving rise to a duty to maintain its confidentiality or limit its disclosure or use.

77. Defendants acquired this proprietary information of RACOM without the express or implied consent of RACOM.

COMPLAINT - 14
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

78. On information and belief, Defendants have used, are currently using, and intend to continue using, RACOM's proprietary information to solicit existing customers of RACOM and induce them to transfer their business to Frontline.

79. In particular, on information and belief, McLaughlin, in his capacity as an employee or agent of Frontline, has used proprietary information misappropriated from RACOM to solicit customers of RACOM for Frontline, and to help Frontline compete with RACOM in Washington, Idaho, and Oregon.

80. As a direct result of Defendants' unlawful misappropriation and misuse of its valuable trade secrets, RACOM has already suffered lost revenue in excess of $75,000, and will continue to suffer irreparable damage to its customer relationships built over many years.

**COUNT TWO**
**Misappropriation of Trade Secrets Under the Uniform Trade Secrets Act (Acquisition of Trade Secrets by Improper Means), RCW 19.108, *et seq.***
(Against Defendants Frontline and McLaughlin)

81. RACOM re-alleges all allegations in the foregoing paragraphs.

82. RACOM has carefully maintained the secrecy of certain proprietary business information, including, but not limited to, customer lists, pricing data, and configuration and set-up files. All of this proprietary information has independent economic value to RACOM, in part because it is not generally known to competitors, and it cannot be readily ascertained by the public through proper means. RACOM's customer lists contain detailed information about RACOM's current and prospective customers; these are unique compilations of information acquired by RACOM.

83. This proprietary information has been subject to reasonable measures designed to preserve its secrecy. These measures include confidentiality agreements with employees, password protection, access controls, and an employee handbook and/or agreements that require the safeguarding of proprietary information.

84. Defendants have acquired this proprietary information of RACOM by improper means, including by theft and through breaches, or inducements to breach,

COMPLAINT - 15
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

a duty to maintain the secrecy of this information.

85. Specifically, on information and belief, Defendants have induced a number of former RACOM employees to provide Frontline proprietary information that these employees acquired while at RACOM, as to which these employees had a duty of secrecy or confidentiality. In addition, on information and belief, a former RACOM employee now employed by Frontline has stealthily transferred RACOM's proprietary information to his new employer, Frontline, via a Dropbox cloud storage account. On information and belief, Frontline instructed or authorized this employee to misappropriate RACOM's proprietary information, and has used the information to solicit RACOM customers.

86. On information and belief, the proprietary information misappropriated by Defendants has included RACOM customer lists, pricing data, and configuration and setup files for long-standing RACOM customers. At the time they obtained this proprietary information, Defendants were aware it had been acquired from RACOM under circumstances giving rise to a duty to maintain its confidentiality or limit its disclosure or use.

87. Defendants acquired this proprietary information of RACOM without the express or implied consent of RACOM.

88. On information and belief, Defendants have used, are currently using, and intend to continue using, RACOM's proprietary information to solicit existing customers of RACOM and induce them to transfer their business to Frontline.

89. In particular, on information and belief, McLaughlin, in his capacity as an employee or agent of Frontline, has used proprietary information misappropriated from RACOM to solicit customers of RACOM for Frontline, and to help Frontline compete with RACOM.

90. As a direct result of Defendants' unlawful misappropriation and misuse of its valuable trade secrets, RACOM has suffered lost revenue and will continue to

COMPLAINT - 16
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

suffer irreparable damage to its customer relationships built over many years.

## COUNT THREE
### Tortious Interference with Business Relationships and Expectancies
(Against Defendants Frontline and McLaughlin)

91. RACOM re-alleges all allegations in the foregoing paragraphs.

92. At all relevant times, RACOM has maintained valuable business and contractual relationships with existing customers including, but not limited to, state, local, county, and tribal police and fire departments in Washington and neighboring states. These are customers that RACOM has worked with in the past and reasonably anticipates doing business with in the future.

93. At all relevant times, RACOM has also cultivated certain valid business expectancies, including prospective business relationships with customers similar to those it already services in Washington and neighboring states.

94. On information and belief, Defendant Frontline knew of the existence of these relationships and expectancies from former RACOM employees who now work for Frontline, and who have misappropriated RACOM's proprietary customer and other information and provided it to Frontline. Defendant McLaughlin knew of the existence of these relationships and expectancies through his work at RACOM; on information and belief, he has provided this information to Frontline.

95. Defendants have intentionally interfered with these relationships and expectancies of RACOM, with the result that RACOM has lost certain customers to Frontline and is likely to lose other potential customers in the future.

96. Defendants have interfered with these relationships and expectancies of RACOM through improper means, including, but not limited to, misappropriation and misuse of RACOM's trade secrets; misappropriation and alteration of RACOM forms and documents; making knowingly false or misleading statements to current and/or potential RACOM customers about RACOM's operations in Washington and neighboring states; and soliciting RACOM's employees to join Frontline as part of

COMPLAINT - 17
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

a coordinated departure, using misappropriated employee data.

97. This unlawful interference with RACOM's business relationships and expectancies was for the improper purposes of competing in the marketplace using stolen information; harming RACOM's reputation and relationships with customers through the dissemination of false and misleading information; and driving RACOM out of business in Washington by improperly soliciting its customers and employees.

98. Defendants' conduct has proximately caused damages to RACOM, and RACOM will continue to suffer irreparable damage to its customer relationships as long as Defendants' unlawful conduct continues.

## VI.   RESERVATION OF RIGHTS

99. RACOM reserves the right to add other parties to this lawsuit and make additional allegations and claims as may be warranted based on discovery.

## VII.   PRAYER FOR RELIEF

RACOM prays for judgment against Defendants as follows:

a. For permanent injunctive relief halting Defendants' unlawful actions;

b. For compensatory damages to be proven at trial;

c. For prejudgment interest at the maximum legal rate allowed by law;

d. For compensatory and consequential damages under the DTSA and the UTSA, including money damages under 18 U.S.C. § 1836(b)(3)(B) and RCW 19.108.030(1), in an amount to be determined at trial, arising from Defendants' misappropriation of RACOM's trade secrets;

e. For an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and RCW 19.108.030(2) in an amount up to two times the damages awarded under 18 U.S.C. § 1836(b)(3)(B) and RCW 19.108.030(1);

f. For attorneys' fees and costs, as may be allowed by law; and

g. For such other further relief as the Court may deem just and proper.

COMPLAINT - 18
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

DATED: August 18, 2025

BALLARD SPAHR LLP


By: */s/ Taylor Washburn*
Taylor Washburn, WSBA No. 51524
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com

*Attorneys for Plaintiffs RACOM Corporation and Eastern Communications, Ltd., LLC*

COMPLAINT - 19
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107