Bryce J. Wilcox, WSBA #21728
Nicholas C. Briggs, WSBA #63583
Witherspoon Brajcich McPhee, PLLC
601 W. Main Ave., Suite 1400
Spokane, WA 99201
Phone: (509) 455-9077
Fax: (509) 624-6464
Email: bwilcox@workwith.com, nbriggs@workwith.com

*Attorneys for Defendant-Counterclaim Plaintiff DEA Incorporated and Defendant Steve McLaughlin*

Taylor Washburn, WSBA No. 51524
Erin M. Wilson, WSBA No. 42454
Andrew W. Gust, WSBA No. 42454
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com
wilsonem@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Plaintiffs-Counterclaim Defendants RACOM Corporation and Eastern Communications, Ltd., LLC*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation and STEVE MCLAUGHLIN, an individual,<br><br>　　　　　　　　Defendants. | No. 2:25-cv-00312<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

Pursuant to the Notice Setting Scheduling Conference dated September 4, 2025 [Dkt. 11], the Notice Resetting Scheduling Conference dated September 11, 2025 [Dkt. 12] and Fed. R. Civ. P 26(f), the Parties to the above captioned matter, by and through their respective counsel of record, present this Joint Status Report and Discovery Plan for consideration by the Court in anticipation of the scheduling conference set for October 23, 2025:

1. **No Consent to Magistrate Jurisdiction.** The Parties do not consent to assignment of this case to a full time United States Magistrate Judge.

2. **Jurisdiction and Venue Exist**. The Parties agree that this Court has jurisdiction over this action and venue in this Court is proper.

3. **Service of Process is Complete.** The Parties agree that service of process is complete.

4. **Description of Claims and Defenses.**

   a. RACOM Corporation and Eastern Communications, Ltd., LLC's (together, "RACOM's" or "Plaintiffs'") claims:

   Count 1: Misappropriation of Trade Secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq., against Defendants Frontline and Steve McLaughlin for allegedly acquiring RACOM's confidential business information—including customer lists, pricing data, and configuration files—by improper means and using it to solicit RACOM customers and compete unlawfully in the marketplace.

   Count 2: Misappropriation of Trade Secrets under Washington's Uniform Trade Secrets Act ("UTSA"), RCW 19.108 et seq., against Defendants Frontline and Steve McLaughlin based on alleged acquisition, use, or disclosure of RACOM's trade secrets within Washington through theft or breach of duty by former employees recruited to Frontline.

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

    <u>Count 3</u>: Tortious Interference with Business Relationships and Expectancies against Defendants Frontline and Steve McLaughlin for intentionally interfering with RACOM's contractual relationships and prospective business expectancies by misappropriating proprietary information; soliciting employees as part of a coordinated departure; disseminating knowingly false statements about RACOM's business operations; altering forms/documents to confuse customers; and recruiting RACOM staff using misappropriated employee data.

    In response to the counterclaims, RACOM denies that it used Mr. Copple's name on sales quotes or related documents with the intent to harm or interfere with Frontline's business, or that it actually deceived consumers or interfered with Frontline's business in any way. RACOM further states that applicable statutory requirements, pleading standards, and legal doctrines bar Frontline's claims and any award of relief.

    b. <u>Frontline and McLaughlin's Defenses and Counterclaims</u>: Frontline and Mr. McLaughlin deny RACOM's claims and Frontline asserts two counterclaims: (1) Tortious Interference with Prospective Business and (2) Violation of Washington's Consumer Protection Act. Both claims are based on RACOM soliciting business falsely using the name of a former RACOM employee who is now employed by Frontline to obtain new business or retain existing business.

**5. Whether a Statutes Constitutionality is Being Challenged.** No.

**6. Whether the Matter May Be Pursued as Class Action.** No.

**7. Whether any Issues that Should be Certified to a State Supreme Court.** Not at this time.

**8. Suggested Deadline for Motions to Amended Pleadings.** 210 days before trial.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

**9. Suggested Deadline for Adding Additional Parties.** 210 days before trial

**10. Whether Non-Governmental Corporate Party Filed Ownership Statement**. Yes.

**11. Whether Case Involves a Minor or Incompetent part and Whether a GAL is necessary**. No

**12. Discovery**.

    **a. Initial Disclosures.**

- Plaintiffs' disclosures: November 3, 2025.
- Defendants' disclosures: November 3, 2025.

    **b. Subjects on which discovery may be needed.**

Plaintiffs will seek discovery regarding, among other things:

- Communications and documents concerning RACOM's proprietary business information, including emails, text messages, or other correspondence related to customer lists, pricing data, and configuration files.
- Employment records for former RACOM employees hired by Frontline since November 2023, including offer letters, agreements, non-disclosure agreements, job descriptions, and internal communications about recruitment efforts.
- Communications and documents related to the solicitation of RACOM customers by Defendants.
- Communications and documents related to the solicitation of RACOM employees by Defendants.
- Internal policies or training materials maintained by Frontline regarding use of competitor information in sales or customer acquisition strategies.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4

- Communications and documents related to interactions between Frontline employees (who previously worked at RACOM) and existing or prospective customers who were previously serviced by RACOM.
- Communications and documents reflecting any complaints from customers confused about the relationship between Frontline and RACOM after July 2025 employee resignations.

Defendants will seek discovery regarding their defenses and Frontline's counterclaims as set forth in their Answer and Counterclaims, including RACOM's assertion its material meets the statutory definition of a trade secret, that its proprietary information was misappropriated, that it was damaged by this action, how Frontline allegedly interfered with its business, and what communications Frontline has had with customers or potential customers falsely asserting Frontline employees work for RACOM.

The Parties will obtain discovery on these issues by method including, but not limited to, interrogatories, requests for production, requests for admission, and depositions.

a. **Any Issues about Preserving Discoverable Information.** The Parties do not anticipate any unusual issues relating to preservation of discoverable information.

b. **Claims of Privilege or Protection.** The Parties may assert claims for attorney-client privilege and work product protection and other applicable privileges. The Parties may need protective orders regarding confidential trade secrets and financial information sought to be disclosed and any other confidential or proprietary information. The Parties are currently negotiating the terms of the Protective

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

Order/Confidentiality Agreement.

  c. **Proposed Modifications to Standard Discovery Procedures.** The Parties do not propose modifications to the standard procedures at this time.

13. **Suggested Expert Disclosure Deadlines.** Assuming a trial date of July 27, 2026, expert disclosures should be completed as follows:

  a. **Plaintiffs' Expert Disclosures:** Counsel would like to discuss the deadline with the Court at the conference.

  b. **Defendants' Expert Disclosures:** Counsel would like to discuss the deadline with the Court at the conference.

  c. **Rebuttal Expert Disclosures:** Counsel would like to discuss the deadline with the Court at the conference.

14. **Suggested Discovery Cutoff:** Counsel would like to discuss the deadline with the Court at the conference.

15. **Any Anticipated Fed. R. Evid 502 Agreements Relating to Inadvertent Disclosures:** Parties agree to cooperate with each other in good faith to comply with Fed. R. Evid. 502 and request the Court enter an order that production of a privileged or work product protected document, whether inadvertent or not, is not a waiver of privilege or work product protection in this case.

16. **Proposed Protective Order/Confidentiality Agreements:** The Parties are currently negotiating the terms of the Protective Order/Confidentiality Agreement.

17. **Anticipated Motions and Suggested Dispositive Motion Filing Deadline:** The Parties believe there will be dispositive motions filed in this matter on some or all of the claims and/or defenses asserted. The suggested dispositive

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

motion deadline is to occur on or shortly after the Discovery Cutoff deadline.

**18. Trial:**

    **a. Suggested trial date:** July 27, 2026. Alternatively, July 20, 2026, or August 3, 2026.

    **b. Length of trial:** Defendants have requested a jury trial. Trial is anticipated to take 5 days.

    **c. Bifurcation:** The Parties do not believe this will be necessary.

    **d. Need for Special Audio/Visual Courtroom Technology:** None.

**19. Mediation**

    **a. Suggested deadline for referral to magistrate judge for mediation:** N/A

    **b. Efforts the Parties have already made towards settlement:** The Parties have not engaged in early settlement discussions but may do so in the future.

    **c. Barriers to productive mediation which exist at this time:** Mediation is premature at this time because the Parties are in need of fact discovery.

Respectfully submitted this 16th day of October 2025.

BALLARD SPAHR, LLP

By: *s/ Taylor Washburn*
    Taylor Washburn, WSBA No. 51524
    Erin M. Wilson, WSBA No. 42454
    Andrew W. Gust, WSBA No. 42454

WITHERSPOON BRAJCICH MCPHEE, PLLC

By: *s/ Nicholas C. Briggs*
    Bryce J. Wilcox, WSBA #21728
    Nicholas C. Briggs, WSBA #63583

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing *Joint Status Report and Discovery Plan* through the Court's CM/ECF system on the 16th day of October 2025. Notification of this filing will be automatically sent to all counsel of record.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 16th day of October 2025.

*s/ Peter Elton*
Peter Elton
Legal Assistant

JOINT STATUS REPORT AND DISCOVERY PLAN - 8