Taylor Washburn, WSBA No. 51524
Erin M. Wilson, WSBA No. 42454
Andrew W. Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com
wilsonem@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Plaintiffs-Counterclaim Defendants RACOM Corporation and Eastern Communications, Ltd., LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation; and STEVE MCLAUGHLIN, an individual,<br><br>Defendants. | Case No. 2:25-cv-00312<br><br>**PLAINTIFFS' MOTION TO DISMISS FRONTLINE'S COUNTERCLAIMS**<br><br>In Person (Spokane) Oral Argument Requested<br><br>February 25, 2026 at 1:30 pm |

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 1
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## I. INTRODUCTION

This Motion addresses two retaliatory counterclaims asserted by Defendant DEA Incorporated d/b/a Frontline Communications Systems ("Frontline") against Plaintiffs RACOM Corporation and Eastern Communications, Ltd., LLC (together, "RACOM"). RACOM has sued Frontline for misappropriation of trade secrets and tortious interference (Dkt. 1), and Frontline has responded with counterclaims based on a vague allegation that RACOM sent one or more unspecified customers a quote that, perhaps unintentionally, included the name of a former RACOM salesperson who now works for Frontline. Frontline does not claim any customers who received such a quote moved their business from Frontline to RACOM, nor does it allege that RACOM knew this salesperson had joined Frontline.

This is the thin factual foundation on which both of Frontline's counterclaims rest. Count One alleges tortious interference with a prospective business advantage, but does not allege a valid business expectancy, nor that RACOM was aware of any such expectancy and intended to interfere with it. Count Two asserts a claim under the Washington Consumer Protection Act ("CPA"), RCW 19.86, *et seq.*, but does not explain how RACOM's alleged conduct could have deceived a substantial portion of the public or relates to the public interest. Both the counterclaims fail to articulate a plausible theory of causation and damages. For these reasons, and others

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 2
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

set forth below, the Court should dismiss each of Frontline's counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II. BACKGROUND

Lee Copple is a former RACOM salesperson who now works for Frontline. Counterclaims (Dkt. 14), ¶¶ 11, 14. Mr. Copple departed RACOM in February 2025, and joined Frontline in March. *Id.* ¶ 14. RACOM and Frontline are competitors; both companies equip customers with communications devices and operate in central and eastern Washington. *Id.* ¶¶ 8–9; *see also* Complaint (Dkt. 1), ¶ 8. Frontline describes these customers as including "public utilities, local and county governments, and emergency response agencies." *Id.* ¶ 8.

Frontline's counterclaims against RACOM arise from the allegation that at some unidentified time after Mr. Copple had begun working for Frontline, RACOM "either intentionally *or negligently* sent quotes to clients, or perspective clients, bearing Mr. Copple's name, falsely suggesting Mr. Copple was still employed by RACOM and using Mr. Copple's name to either retain or acquire new business." *Id.* ¶ 18 (emphasis added). According to Frontline, "RACOM's use of Mr. Copple's name on documents during the sales process resulted in customers believing Mr. Copple was still employed by RACOM and upon information and belief, customers continued conducting business with RACOM based on the false impression created by RACOM that it still employed Mr. Copple." *Id.* ¶ 19. Frontline says that "upon

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 3
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

learning that in actuality Mr. Copple was no longer employed by RACOM, despite his name misleadingly appearing on RACOM quote sheets, customer(s) proceeded to conduct business with Frontline instead of RACOM." *Id.* ¶ 20.

Frontline does not identify any existing or prospective clients that received a quote from RACOM bearing Mr. Copple's name after Mr. Copple joined Frontline, nor does it identify any clients that moved their business from Frontline to RACOM (or vice versa) after receiving such a quote. *See generally id.* ¶¶ 11–27. Assuming RACOM did send out quotes that included Mr. Copple's name, Frontline does not allege that RACOM was aware the recipients had a prospective business relationship with Frontline, nor does it say—even in conclusory terms—that RACOM intended to interfere with any such relationships. *Id.* Indeed, Frontline does not even allege RACOM was aware Mr. Copple had joined Frontline at the time. *Id.*

Based on these allegations, Frontline has asserted two counterclaims against RACOM. Count One alleges that RACOM tortiously interfered with a prospective business advantage of Frontline by "intentionally or negligently" sending out quotes including Mr. Copple's name, *id.* ¶¶ 21–27; Count Two asserts a CPA claim based on the same alleged conduct, *id.* ¶¶ 28–37.

### III. LEGAL STANDARD

Rule 12(b)(6) provides for the dismissal of a complaint that fails "to state a claim upon which relief can be granted." "To survive a [Rule 12(b)(6)] motion to

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 4
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion, nor does "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. ARGUMENT

The Court should dismiss each of Frontline's counterclaims against RACOM for failure to state a claim. Frontline has not stated a claim for intentional interference with a prospective business expectancy because it has not alleged a valid expectancy; has not alleged that RACOM knew of any such expectancy; has not alleged RACOM intended to interfere with any such expectancy; and has not adequately alleged harm. Each of these deficits requires the dismissal of Count One.

Frontline's CPA claim is similarly deficient. Frontline has not alleged any "unfair or deceptive" acts that could deceive a substantial portion of the public; has not described conduct affecting the public interest; and does not adequately allege harm or causation. For each of these reasons, Count Two should be dismissed.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 5
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

A. **Frontline has not stated a tortious interference claim.**

A party claiming tortious interference with a business expectancy[1] must prove five elements: (1) the existence of a valid business expectancy; (2) defendant's knowledge thereof; (3) intentional interference inducing or causing a termination of this business expectancy; (4) that defendant interfered for an improper purpose or used improper means; and (5) resultant damage. *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 351, 144 P.3d 276 (2006). The counterclaims do not plead facts that establish these elements.

1. *Frontline has not pled a valid business expectancy.*

Frontline has not pled a valid business expectancy because it has not alleged a prospective business relationship between itself and any identifiable third party or parties. *Pac. Nw. Shooting Park Ass'n*, 158 Wn.2d at 353 & n.2. To establish an "expectancy," the plaintiff must show "a relationship between parties contemplating a contract with at least a reasonable expectancy of fruition." *Scymanski v. Dufault*, 80 Wn.2d 77, 84–85, 491 P.2d 1050 (1971). The allegations must "tie … losses to

---

[1] Frontline styles its tortious interference claim as one for "tortious interference with prospective business advantage." Counterclaims at 21. The Washington courts do not appear to recognize such an action; RACOM assumes that Frontline intends to assert a claim for tortious interference with a business expectancy.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 6
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*specific relationships*" between plaintiff and "identifiable third parties." *Pac. Nw. Shooting Park Ass'n*, 158 Wn.2d at 353–4 (emphasis in original). The closest Frontline comes to doing this is asserting that RACOM's alleged inclusion of Mr. Copple's name in quotes sent to unenumerated customers "unreasonably and unjustifiably interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple." Counterclaims, ¶ 24.

This allegation is far too vague to support a tortious interference claim. First, the counterclaims do not identify any specific business expectancy or expectancies with which RACOM purportedly interfered. This dooms the claim. *See, e.g., Pac. Nw. Shooting Park Ass'n*, 158 Wn.2d at 352-53 n.2 (communications with "some amorphous group of people" do not support tortious interference); *Manna Funding, LLC v. Kittitas Cty.*, 173 Wn. App. 879, 898, 295 P.3d 1197 (2013) (communications with potential business partners do not establish a relationship); *see also Mason v. Washington*, No. C17-186 TSZ, 2017 WL 2559621, at *7 (W.D. Wash. June 13, 2017) (dismissing claim where plaintiff alleged "unspecified business relationships or expectancies"); *Monster v. Creatd, Inc.*, No. C21-1177-MLP, 2022 WL 1624713, at *8 (W.D. Wash. May 23, 2022) (generic references to third-party clients and banks do not establish a valid expectancy); *Stuc-O-Flex Int'l, Inc. v. Low and Bonar, Inc.*, 2019 WL 4688803, at *6 (W.D. Wash. Sept. 26, 2019) ("unspecified references to 'customers' are not enough" to plead tortious interference).

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 7
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

In addition, although Frontline does say generically that RACOM "interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple," it provides little factual basis to suggest this expectation was justified. A plaintiff asserting tortious interference must allege facts to demonstrate that the "future business opportunities are a reasonable expectation and not merely wishful thinking." *Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 337, 364 P.3d 129 (2015) (cleaned up). Frontline's purported expectation that some customers *might* depart RACOM for Frontline merely because it had hired a former RACOM salesperson, Mr. Copple, is speculative;[2] the counterclaims do not allege facts to demonstrate that Frontline and a potential client or clients were "contemplating a contract with at least a reasonable expectancy of fruition," as is required to state a tortious interference claim. *Scymanski*, 80 Wn.2d at 84–85.

### 2.    *Frontline has not pled knowledge by RACOM.*

Even where the plaintiff has adequately pled a valid business expectancy, it is also necessary that "this relationship … be known, or reasonably apparent, to the interferor." *Id.*; *see also Club Level, Inc. v. City of Wenatchee,* 189 Wn. App. 1051,

---

[2]    Notably, Frontline denies that Mr. Copple "has solicited RACOM customers with whom he dealt while employed by RACOM." Counterclaims, ¶ 17.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 8
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

2015 WL 5138564, at *5 (2015) ("knowledge of [a] relationship is understandably a critical element" of a tortious interference claim).

Here, this means Frontline must allege facts to show that RACOM was aware of the business expectancies with which RACOM purportedly interfered. It does not. The counterclaims do not even allege in conclusory terms that RACOM was aware of a relationship between Frontline and another party. Counterclaims, ¶¶ 21–27.[3] For this reason alone, Frontline's tortious interference claim must be dismissed.

3.  *Frontline has not pled that RACOM acted with intent.*

Interference with a business expectancy is intentional if the defendant "desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action." *Newton Ins. Agency & Brokerage v. Caledonian Ins. Group. Inc.*, 114 Wn. App. 151, 158, 52 P.3d 30 (2002).

Here, Frontline has not alleged RACOM acted with the desire to interfere with Frontline's business expectancies or the knowledge that its conduct would have this effect. In fact, the counterclaims say explicitly that RACOM may have included Mr. Copple's name on quotes *negligently*. Counterclaims, ¶¶ 18, 24. Although a party

---

[3]  Indeed, Frontline does not even allege that RACOM was aware Mr. Copple worked at Frontline at the time RACOM purportedly included his name on quotes. *See generally* Counterclaims, ¶¶ 11–27.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 9
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

can obviously assert intentional and negligence-based tort claims in the alternative—e.g., claims for negligent and intentional misrepresentation—a party cannot pursue an intentional tort claim (absent an alternative negligence-based claim) when its own pleadings allow for the possibility that the defendant did not act intentionally. *See, e.g., Morshaeuser v. Citimortgage, Inc.,* No. 12-cv-2210, 2012 WL 5289383, at *7 (E.D. La. Oct. 24, 2012) (an allegation that defendants acted "either intentionally or negligently" cannot support an intentional tort claim). A complaint that alleges the defendant did *or did not* act with the requisite intent does not state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.

### 4. *Frontline has not adequately alleged injury.*

Frontline does not allege damages, except in the most conclusory terms ("As a result of RACOM's interference with Frontline's business expectancies, Frontline has suffered damages in an amount to be established at trial," Counterclaims, ¶ 27), nor does it allege facts that could support a damages award. The counterclaims do not, for example, allege that any particular customer or customers decided not to do business with Frontline because they were misled by RACOM's use of Mr. Copple's name on a quote. *See generally* Counterclaims, ¶¶ 7–27. Indeed, Frontline asserts that as a result of RACOM's alleged misstatement, one customer departed RACOM for Frontline. *Id.* ¶¶ 20, 26. Frontline does not say whether it lost any revenue due to the fact that this customer had previously contracted with RACOM. *Id.* Frontline's

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 10
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

failure to adequately allege that it was harmed by RACOM's alleged conduct is fatal to its tortious interference claim.

**B.     Frontline has not stated a CPA claim.**

The "purpose of the CPA is not to remedy parties to an entirely private dispute, but to protect the public more generally." *Fifteen Twenty-One Second Ave. Condo. Ass'n v. Viracon, LLC*, No. 2:23-CV-1999, 2024 WL 4144160, at *5 (W.D. Wash. Sept. 11, 2024) (citing *Michael v. Mosquera-Lacy,* 165 Wn.2d 595, 604, 200 P.3d 695 (2009)). Here, Frontline accuses RACOM of making a misleading statement to one or more unidentified clients or potential clients presumably falling in the category of "public utilities, local and county governments, and emergency response agencies." Counterclaims, ¶¶ 8, 18. Such customized communications to a limited group of third-party clients cannot support a CPA claim.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. In this case, Frontline does not allege unfair competition; rather, it says RACOM "engaged in an unfair or deceptive practice by representing to customers" that Mr. Copple was still employed by RACOM after his departure. Counterclaims, ¶ 29.

"To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v.*

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 11
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (Wash. 2009) (citation omitted). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare,* 110 Wn. App. 290, 298, 38 P.3d 1024 (2002) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 793, 719 P.2d 531 (1986)). Frontline's counterclaims fail to satisfy each, with the exception of the trade-or-commerce requirement, and its CPA claim should be dismissed.

   1.   ***RACOM's alleged conduct was not "unfair or deceptive."***

To demonstrate an act was "unfair or deceptive" under the CPA, a plaintiff must establish that the act "had the capacity to deceive a substantial portion of the public." *King v. PennyMac Loan Servs., LLC*, No. 4:24-CV-05002-MKD, 2024 WL 2064056, at *5 (E.D. Wash. May 8, 2024) (citing *Panag*, 166 Wn.2d at 47); *see also Hangman Ridge*, 105 Wn.2d at 785.[4] "Isolated communications are not likely to deceive a substantial portion of the public unless they are part of a standard form contract or a standard sales representation." *Cassan Enterprises, Inc. v. Dollar Sys., Inc.*, 131 F.3d 145, 1997 WL 753394, at *3 (9th Cir. 1997). In addition, Washington

---

[4]   A CPA plaintiff can also establish an "unfair or deceptive" act by showing the defendant violated certain enumerated statutes. *Scott v. Am. Express Nat'l Bank*, 514 Wn. App.2d 258, 270-71, 514 P.3d 695 (2022). Frontline does not allege such a *per se* violation of the CPA.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 12
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

courts have limited application of "unfair or deceptive acts or practices" to "conduct deemed harmful to consumers, not business competitors." *Loomis Truck & Tractor, Inc. v. J.I. Case Co.,* 949 F.2d 399, 1991 WL 259988, at *1 (9th Cir. 1991) (citing *Boggs v. Whitaker, Lipp & Helea,* 56 Wn. App. 583, 587, 784 P.2d 1273 (1990)); *see also Directv, Inc. v. Garza,* 2005 WL 2269053, at *9 (E.D. Wash. Sept. 16, 2005) (noting that acts against competitors are addressed by the portion of RCW 19.86.020 prohibiting "unfair methods of competition").

Here, Frontline has not alleged an "unfair or deceptive" act or practice because the alleged inclusion of Mr. Copple's name in an unspecified number of quotes sent directly to unidentified "clients, or prospective clients" had no capacity to deceive a substantial portion of the public. *See, e.g.,* Counterclaims, ¶¶ 18, 30. Frontline does not allege Mr. Copple's name was included in marketing materials directed to the public at large, or was included in a standard sales representation. Instead, Frontline alleges isolated and customized communications (namely, quotes) sent to particular customers, which do not establish an "unfair or deceptive" practice under the CPA. In addition, the basis of Frontline's CPA claim is that it was injured in its capacity as RACOM's *competitor*, not as a consumer; this bars Frontline for recovering under the CPA for "unfair or deceptive" acts.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 13
NO. 2:25-cv-00312

**BALLARD SPAHR LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

### 2.    *RACOM's alleged conduct did not affect the public interest.*

Relatedly, Frontline has also failed to allege the third element of a CPA claim: that RACOM's alleged use of Mr. Copple's name affects the public interest. "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Michael,* 165 Wn.2d at 604–5 (quoting *Hangman Ridge*, 105 Wn.2d at 790, 719 P.2d 531). "[T]here must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated." *Id.* (quoting *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 52, 686 P.2d 465 (1984)). In addition, "conduct that is not directed at the public, but, rather, at a competitor, lacks the capacity to impact the public in general." *Evergreen Moneysource Mortg. Co. v. Shannon*, 167 Wn. App. 242, 261, 274 P.3d 375 (2012).

To establish the public interest element of a CPA claim, courts consider: "(1) whether the acts were committed in the course of defendant's business, (2) whether the defendant advertised to the public, (3) whether the defendant actively solicited the plaintiff, and (4) whether the parties occupied unequal bargaining positions." *Falcon Properties LLC v. Bowfits 1308 LLC,* 16 Wn. App.2d 1, 13, 478 P.3d 134 (2020) (quoting *Bloor v. Fritz*, 143 Wn. App. 718, 737, 180 P.3d 805 (2008)).

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 14
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

These factors underline the CPA's unsuitability to these circumstances, since they clearly contemplate a claim brought by a *consumer*, not a competitor. There is no allegation that RACOM advertised to the public that it employed Mr. Copple; the counterclaims only allege Mr. Copple's name appeared in quotes sent to one or more unnamed customers. Counterclaims, ¶¶ 30, 34.[5] RACOM did not "actively solicit" Frontline, because the two companies are competitors (*id.* ¶ 9); for the same reason, these parties did not occupy "unequal bargaining positions." *Falcon Properties,* 16 Wn. App.2d at 13. Application of these factors makes clear the counterclaims do not satisfy the CPA's public-interest requirement.

This case also has other hallmarks of a private dispute. Frontline alleges that by including Mr. Copple's name in quotes sent to customers, RACOM "interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple." Counterclaims, ¶ 24. No other party could have been "injured in exactly the same fashion" because no other party is alleged to employ Mr. Copple. *Michael,* 165 Wn.2d at 604–5. This case is essentially a private business dispute, and is analogous to others in which courts have found defendant's conduct did not affect the public interest and was not actionable under the CPA.

---

[5] Even assuming Mr. Copple has a superlative reputation within his field, it is unlikely his name would have any significance to the general public.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 15
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

In *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 935 P.2d 628 (1997), for example, an independent tire dealer, Whiteman, asserted a CPA claim against a tire company, Goodyear, alleging the latter had made a number of misleading statements to Whiteman and other dealers. The court of appeals found that the trial court properly dismissed Whiteman's CPA claim "because Goodyear's conduct was not directed at the public" but only at Whiteman and other dealers.

This case is similar: Frontline does not allege RACOM directed its conduct at the public, but rather that it transmitted quotes containing Mr. Copple's name to one or more potential customers not identified in the counterclaims. These customers are not individual retail consumers, but "public utilities, local and county governments, and emergency response agencies." Counterclaims, ¶ 8. Because Frontline has not alleged facts to demonstrate a "real or substantial likelihood that large numbers of consumers would be injured in the same manner," it has not stated a CPA claim. *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 750 F. Supp. 3d 1187, 1206 (W.D. Wash. 2024) (quoting *Peoples Bank v. Bluewater Cruising LLC*, No. C12-00939-RSL, 2014 WL 202105, at *10 (W.D. Wash. Jan. 17, 2014)); *see also Hold Sec., LLC v. Microsoft Corp.,* No. 24-2768, 2025 WL 1937298, at *2 (9th Cir. July 15, 2025) (no public interest where defendant's advertising was only directed to "other technology companies"); *U.S. ex rel. Savage v. Washington Closure Hanford LLC*, No. CV-10-5051-EFS, 2015 WL 5825966, at *14 (E.D. Wash. Oct. 6, 2015) (public-interest

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 16
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

requirement not satisfied where the challenged conduct was directed at "competing proposing subcontractors," not the public at large).

### 3. *Frontline has not adequately alleged damages or causation.*

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). Frontline's allegations relating to damages and causation do not clear the pleading threshold.

Frontline alleges vaguely, "upon information and belief," that those customers who received RACOM quotes that included Mr. Copple's name "would have ceased relations with RACOM and sought service from Frontline" if the name were absent. Counterclaims, ¶ 32; *see also id.* ¶ 36. Frontline does not allege any particular client or clients contracted with RACOM rather than Frontline in the mistaken belief Mr. Copple still worked for the former; the closest it comes to making such an allegation is asserting an unidentified customer *left RACOM for Frontline*. *Id.* ¶ 33.

The CPA requires but-for causation. *Stone v. Aspen Dental Mgmt., Inc.*, No. 2:19-CV-167-RMP, 2019 WL 13207544, at *4 (E.D. Wash. Sept. 13, 2019) (citing *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 278, 259 P.3d 129 (2011)). In other words, it requires a showing that any harm suffered by the plaintiff was the direct result of the defendant's wrongdoing and would not have occurred without it.

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 17
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Id.* Here, Frontline has alleged no facts to support its conclusory assertion that some unidentified customer or customers might have moved their business from RACOM to Frontline if RACOM had not included Mr. Copple's name in a quote. Rather, the counterclaims do little more than recite the CPA's fourth and fifth elements relating to damages and causation. Counterclaims, ¶¶ 36–37. This deficit, along with the deficiencies identified above, requires that Frontline's CPA claim be dismissed. *See, e.g., Universal Life Church Monestary Storehouse v. King,* No. 2:19-CV-00301-RSL, 2019 WL 2524993, at *3 (W.D. Wash. June 19, 2019) (conclusory assertions of damages and causation cannot ground a CPA claim); *Alvarez v. Target Corp.,* No. 13-cv-0150-TOR, 2013 WL 4734123, at *7 (E.D. Wash. July 10, 2013) (same).

## V.    CONCLUSION

For the foregoing reasons, RACOM respectfully requests the Court dismiss Counts One and Two of Frontline's Counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 18
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

Dated: October 29, 2025

Respectfully submitted,

*s/ Taylor Washburn*
Taylor Washburn, WSBA No. 51524
Erin M. Wilson, WSBA No. 42454
Andrew W. Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com
wilsonem@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Plaintiffs-Counterclaim Defendants RACOM Corporation and Eastern Communications, Ltd., LLC*

PLAINTIFFS' MOTION TO DISMISS FRONTLINE'S COUNTERCLAIMS - 19
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Plaintiffs' Motion to Dismiss Frontline's Counterclaims through the Court's CM/ECF system on the 29th day of October 2025.

Notification of this filing will be automatically sent to all counsel of record.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 29th day of October, 2025.

  *s/Terri L. Zimmerman*
  Terri L. Zimmerman
  Legal Assistant

PLAINTIFFS' MOTION TO DISMISS
FRONTLINE'S COUNTERCLAIMS - 20
NO. 2:25-cv-00312

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107