Bryce J. Wilcox, WSBA #21728
Nick C. Briggs, WSBA #63583
WITHERSPOON BRAJCICH MCPHEE, PLLC
601 W. Main Ave., Suite 1400
Spokane, WA 99201
Phone: (509) 455-9077
Fax: (509) 624-6464
Email: bwilcox@workwith.com, nbriggs@workwith.com

Attorneys for Defendants
DEA Incorporated and Steve McLaughlin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company, | No. 2:25-cv-00312 |
| Plaintiffs, | DEFENDANT DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS RESPONSE TO MOTION TO DISMISS |
| v. | |
| DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation and STEVE MCLAUGHLIN, an individual, | |
| Defendants. | |

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS - 0



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

# I.    INTRODUCTIUON

DEA Incorporated d/b/a Frontline Communications Systems ("Frontline") is one of Plaintiffs' direct competitors and its counterclaims flow from Plaintiffs' improper competitive conduct.   Specifically, Frontline alleges Plaintiffs have deceptively used the name of a highly respected current Frontline employee (Lee Copple), who formerly worked for Plaintiffs, in an attempt to retain existing business and/or obtain new business. They have done so by sending written sales quotes and invoices to customers that identify Mr. Copple as a current employee when in fact he was and is employed by Frontline. Frontline alleges this has caused customer confusion and damage in the form of lost sales and revenue.

Plaintiffs seek to dismiss Frontline's counterclaims under F.R.C.P. 12(b)(6), arguing failure to state claims upon which relief can be granted. Plaintiffs admit the counterclaims reflect recognized causes of action under Washington law but challenge the factual basis for those claims.   In reality, Plaintiffs' motion is a premature and unfounded attack on the weight of the pled counterclaim facts in the guise of a Rule 12(b)(6) motion. This is evidenced by Plaintiffs' characterization of the facts pled as "thin" (ECF No. 22 at page 2 line

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 1



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

16), "vague," "speculative" and providing only a "little" basis for the asserted claims.  ECF No. 22 at pages 8 and 9.  However, in resolving a Rule 12(b)(6) motion all facts are presumed true, the Court construes the complaint in the light most favorable to the claimant and draws all reasonable inferences in the claimant's favor.  Accordingly, the Court should decline Plaintiffs' request to resolve evidentiary issues at the pleading stage (before discovery) and deny their Rule 12(b)(6) motion.

## II.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The complaint must contain "*some* viable legal theory" and provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 562 (2007). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the complaint pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*



WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Under Federal Rule of Civil Procedure 12(b)(6), the Court construes all factual allegations as true and views the pleading in the light most favorable to the plaintiff as well as drawing all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. Cnty of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds*).[1]

## III.   ALLEGATIONS RELEVANT TO MOTION TO DIMISS

Among the services Frontline provides is equipping customers with communication equipment, such as radios, emergency, and scene lighting for vehicles, as well as other after-market and purpose-driven add-ons to essential

---

[1] The remedy for an initial pleading found lacking is not dismissal but leave to amend. Dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint cannot be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 3

**WBM** WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

equipment ("Communication Devices"). Frontline engages in business within the emergency communications and equipment industry, and its customers include public utilities, local and county governments, and emergency response agencies. ECF No. 14 P. 19, ¶ 8. Plaintiffs are a competitor of Frontline, sell Communication Devises, are engaged in the same industry within the same geographic region, and provide a similar scope of services as Frontline. *Id.* at ¶ 9.

Frontline currently employs individuals who were previously employees of Plaintiffs. *Id.* at ¶ 10. One such employee is Lee Copple, a career salesperson in the Communication Device industry. *Id.* at ¶. 11. Throughout his long career in the Communication Device industry, Mr. Copple has acquired substantial skill and knowledge in the industry and has cultivated valuable professional industry relationships. *Id.* at ¶ 12. Frontline alleges in its Counterclaims that the trust and credibility gained by Mr. Copple from these personal relationships, together with his industry expertise, is considered valuable to customers. *Id.* at ¶¶ 13, 16.

On or about February 28, 2025, Mr. Copple terminated his employment with Plaintiffs and thereafter began working at Frontline on or about March 17, 2025. *Id.* at ¶ 14. Mr. Copple's skill, knowledge and reputation in the

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 4



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Communication Device industry was a major reason he was hired by Frontline. *Id.* at ¶ 15. After Mr. Copple's employment ended, some customers with whom Plaintiffs previously conducted business transferred business to Frontline because of the quality of service Mr. Copple provided. *Id.* at ¶ 17.

In the Counterclaims, Frontline alleges that after Mr. Copple's employment ended with Plaintiffs, and during his tenure with Frontline, Plaintiffs sent quotes to clients, or perspective clients, bearing Mr. Copple's name, falsely suggesting Plaintiffs still employed Mr. Copple and using Mr. Copple's name to either retain or acquire new business. *Id.* at ¶ 18. Frontline alleges Plaintiffs' use of Mr. Copple's name on documents during the sales process resulted in customers mistakenly believing Plaintiffs still employed Mr. Copple and those customers continued conducting business with Plaintiffs based on that false impression. *Id.* at ¶ 19. Upon learning Mr. Copple was no longer employed by Plaintiffs, customers proceeded to conduct business with Frontline. *Id.* at ¶ 20.

These allegations, which must be accepted as true and construed in the light most favorable to Frontline for the purposes of resolving Plaintiffs' motion to dismiss, sufficiently state claims for tortious interference with business expectancy and violation of Washington's Consumer Protection Act. Plaintiffs'

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 5

WBM WITHERSPOON BRAJCICH MCPHEE

A PROFESSIONAL LIMITED LIABILITY COMPANY

601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Motion to Dismiss under F.R.C.P. 12(b)(6) should, therefore, be denied.

## IV.    ARGUMENT

### A. Tortious Interference with Business Expectancy.

A prima facia case of tortious interference with a business expectancy requires a short plain statement of facts concerning the following, each of which have been pled here: (1) the existence of a ... [valid] business expectancy; (2) that [the defendant] had knowledge of that [expectancy]; (3) an intentional interference inducing or causing ... termination of the ... expectancy; (4) that [the defendant] interfered for an improper purpose or used improper means; and (5) resultant damage." *Greensun Group, LLC v. City of Bellevue*, 7 Wash. App.2d 754, 767 (2019).

#### 1.    Frontline Alleges the Existence of a Business Expectancy

Under Washington law, a "valid business expectancy includes any prospective contractual or business relationship that would be of pecuniary value." *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group. Inc.,* 114 Wash. App.2d 151, 158 (2002). Courts allow tortious interference claims "where a defendant's acts destroy a plaintiff's opportunity to obtain *prospective* customers." *Caruso v. Local Union No. 690*, 33 Wash. App. 201, 207 (1982), *rev'd on other*



601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

*grounds,* 100 Wash. 2d. 343 (1983). Washington law requires a plaintiff to show only that its "future business opportunities are a reasonable expectation and not merely wishful thinking." *Life Designs Ranch, Inc. v. Sommer*, 191 Wash. App. 320, 337 (2015); *Woods View II, LLC*, 188 Wash. App. 1, 30 (2015) (holding the expectancy element was fulfilled in a failed business development project).

Plaintiffs have acknowledged that they are "direct competitors" with Frontline and service the same customers for communication system installations and support services in the same geographic regions. ECF No. 1 at 5, ¶¶ 24-26. Similarly, Frontline alleges "RACOM is a competitor of Frontline, sells Communication Devises, is engaged in the same industry within the same geographic region, and provides a similar scope of services as Frontline does." ECF No. 14 at 19, ¶ 9. Because Frontline and Plaintiffs are direct competitors competing for the same customers, Plaintiffs' tortious actions have "interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple." ECF No.14 at 22, ¶ 24. Specifically, Frontline alleges:

> 25.    RACOM used improper means and methods in conducting business by misrepresenting to customers, or potential customers, that it still employed Mr. Copple after his employment with RACOM ended and this unreasonably interfered with Frontline's legitimate business expectations.

ECF No. 14 at 22, ¶ 25.



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Frontline has therefore alleged the required "valid business expectancy" by claiming the existence of a prospective contractual relationship of pecuniary value with Plaintiffs' customers who did not do business with Frontline because of false assertions Plaintiffs still employed Mr. Copple when he was actually employed by Frontline. *See Newton Ins. Agency & Brokerage, Inc.,* 114 Wash. App. 151, 158. Plaintiffs' false representations regarding the employment status of Mr. Copple impaired Frontline's opportunity to obtain these customers had they known the truth concerning Mr. Copple's true employer. *Caruso,* 33 Wash. App. 201, 207.

Plaintiffs concede these allegations provide some factual basis for Frontline's business expectancy claim. However, their motion is premised on an argument that the allegations are factually insufficient.  For example, Plaintiffs argue there is "little factual basis" to support the claim that Frontline expected to capture customers based on Mr. Copple's reputation. ECF No. 22 at 8.  However, this argument goes to the merits of the claim and weight of evidence, both of which are improper at the F.R.C.P. 12(b)(6) stage.

Plaintiffs also contend Frontline failed to list "identifiable" third parties with whom they interfered. To the contrary, Frontline alleged interference with

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 8



WBM WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

those customers to whom Plaintiffs sent the false quotes and with whom Plaintiffs and Frontline jointly compete for business in Washington, Idaho and Oregon. These allegations are sufficient, as they provide Plaintiffs with fair notice of what the claim is and the grounds upon which it rests. Plaintiffs' contention that these facts are too vague or speculative goes to the merits of the claim and weight of evidence, both of which are improper at the F.R.C.P. 12(b)(6) stage.

An argument that customers must be identified for a tortious interference claim to survive a F.R.C.P. 12(b)(6) motion was rejected in *Greensun*:

> The City's arguments to the contrary do not persuade us. The City cites *Pac. Nw. Shooting Park Ass'n* to argue a claim of tortious interference with a business expectancy requires the plaintiff to show a relationship with identifiable third parties. But this argument appears to conflate the claim at issue with the closely related tort of interference with a contractual relationship. The *Pac. Nw. Shooting Park Ass'n* case concerned whether the plaintiff had a valid contractual relationship, rather than a valid business expectancy. *Pac. Nw. Shooting Park Ass'n,* 158 Wash.2d at 352-53, 144 P.3d 276. As Greensun alleges interference with a valid business expectancy, the case is inapposite here.

*Greensun,* 7 Wash. App.2d 754, 769 (footnote omitted). Notably, the court held that requiring a plaintiff to prove it would have had a relationship with a specific prospective customer but for the defendant's interference would conflict with well-established case law, which allows tortious interference claims for

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 9



WBM  WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

interference with *prospective* contractual or business relationships. *See Scymanski v. Dufault*, 80 Wash.2d 77, 83 (1971); *Life Designs Ranch, Inc.,* 191 Wash. App. 320, 337 (2015); *Greensun*, 7 Wash. App.2d 754.

2. <u>Frontline Alleges Plaintiffs Knew They Were Interfering with its Potential Customers</u>

Plaintiffs next argue that Frontline failed to allege it knew Frontline expected to do business with the customers to whom it sent false and misleading quotes.  To the extent this is a required element that needs to be specially pled, it was here.  As discussed, Plaintiffs and Frontline are direct competitors in the same marketplace competing for the same finite set of public entity customers who use radio communication devices (fire, police etc.). ECF No.1 at 5, ¶¶ 24-26 and ECF No. 14, at 19, ¶ 9. The Counterclaims, construed in a light most favorable to Frontline, alleges Plaintiffs knew they were sending false and misleading quotes to the same customers with whom Frontline seeks to conduct business.

3.    <u>Frontline Alleges Plaintiffs Acted Intentionally and Negligently</u>

While conceding claims can be made in the alternative, Plaintiffs also seek dismissal because Frontline did not ***only*** allege they acted with the intent to interfere with Frontline's business expectancies. To the contrary, it is specifically alleged in the Counterclaim that Plaintiffs intentionally misrepresented they

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 10



WBM  WITHERSPOON BRAJCICH MCPHEE

A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

employed Mr. Copple after his employment ended thus creating a false impression that Mr. Copple was still providing services on behalf of Plaintiffs and that this unreasonably and unjustifiably interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple. ECF No. 14, at 22, ¶24.  Intentionally misleading public entities considered by both Plaintiffs and Frontline as potential customers into thinking a key Frontline employee still worked for Plaintiffs is an overt and intentional effort to improperly compete. At a minimum, the counterclaim fairly puts Plaintiffs on notice of the claim and the grounds for it. The federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

What is more, Frontline has alternatively asserted a negligence claim. *See* ECF No. 14, page 22, ¶. 24. This alternative claim does not diminish its intentional interference claim. While other jurisdictions, such as California, have adopted a negligence-based interference claim, *see UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.,* 117 F.Supp.3d 1092, 1117 (C.D.Cal., 2015), Washington has yet to expressly adopt such a cause of action.

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 11



WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

### 4.    Frontline Alleges Plaintiffs' Action Caused Damage

Plaintiffs' last attempt to avoid litigating the tortious interference claim is another weight-of-the-evidence argument, this one centering on damages. Critically, Plaintiffs concede Frontline alleges damages but claims it has done so only in "the most conclusory terms." ECF No. 22, at 10. More specifically, they find fault with Frontline's pleading because it does not list any particular customer or business that was lost as result of Plaintiffs' wrongful conduct. However, Plaintiffs have failed to offer any support for a requirement that a pleading must name specific lost customers to properly plead the damage element. In fact, case law holds just the opposite.

In addition to *Greensun,* discussed above, in *United Federation of Churches, LLC v. Johnson*, 598 F.Supp.3d 1084, 1099 (W.D.Wash., 2022), the court, applying Washington law, held that with respect to the damage element, plaintiff's statement that, "[a]s a direct and proximate result of Defendants' wrongful conduct, TST has suffered substantial economic injury and loss of business opportunity and has incurred attorney's fees and other costs in attempting to remedy the situation" was sufficient. *Id.*  In rejecting defendants' motion to dismiss, the court held:



WBM WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

that at this stage of the proceedings, it can "reasonably infer that TST has sustained damages from the alleged interference" with TST's Facebook pages. *See Kische USA, LLC v. Simsek*, No. C16-0168JLR, 2016 WL 6273261, at \*10 (W.D. Wash. June 29, 2016) (**noting Defendants' failure to direct the court to any "authority for the position that a plaintiff must plead specifically how and to what extent it was damaged by the interference"**). Because TST has now plausibly alleged facts to support each element of its tortious interference with business expectancy claim, the court DENIES Defendants' motion to dismiss the claim.

*Id.* (emphasis added); *see also Schoene v. Spirit Airlines, Inc.*, 726 F.Supp.3d 1248, 1263 (D.Or., 2024) (holding that Plaintiff has sufficiently pleaded that Spirit's alleged breach resulted in damages and whether those damages are available to Plaintiff, in whole or in part, is not a necessary determination for a motion for judgment on the pleadings.)

## V.    WASHINGTON'S CONSUMER PROTECTION ACT (CPA)

Under the CPA, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. An unfair competition claim under the CPA "may be brought by one who is not in a consumer or other business relationship with the actor against whom the suit is brought." *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 43-44 (2009). The "unfair competition" prohibited by this section applies to acts against competitors. *Boggs v. Whitaker*, *Lipp &*

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 13



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

*Helea, Inc., P.S.*, 56 Wash.App. 583, 586 (1990). "Suits based on conduct that is harmful to consumers but not competitors arise under the prohibition of unfair and deceptive practices, not unfair competition." *Id. at* 586–87. Accordingly, Plaintiffs' assertion that CPA claims only apply to consumers and not competitors is incorrect.

To establish a claim under the CPA, five elements must be established: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Svendsen v. Stock*, 143 Wash.2d 546, 553 (2001). Frontline has properly alleged each element under F.R.C.P. 8.

1. Frontline Alleges Plaintiffs' Method of Competition was Unfair

Frontline claims Plaintiffs' unfair and deceptive use of a Frontline's employee's name (Mr. Copple) to obtain new business or retain existing business is an unfair method of competition, in violation of RCW 19.86.020.[2]  ECF No. 14, at 23, ¶¶ 29-30. Although the CPA does not define the term "unfair,"

_____

[2] Plaintiffs argue there is no allegation that a substantial portion of the public has been injured. However, as this is an unfair competition claim under the CPA, injury to a substantial portion of the public is not the correct test.

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 14

WBM WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Washington courts consider three criteria from the Federal Trade Commission Act to determine whether a practice or act is unfair:

> "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise-whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other business men)."

*Krienke v. Chase Home Finance*, LLC, No. 35098-0-II, 2007 WL 2713737, at 7 (Div. II, 2007). The claim here, as set forth in the Counterclaim, is that Plaintiffs unfairly used the name, and by extension the stellar reputation, of a key Frontline employee in marketing and sales material to generate business when they knew Mr. Copple worked for Frontline. These repeated unethical misrepresentations are the type of unfair competition described in *Krienke*.

   2.  <u>Frontline's Unfair Competition Claim Alleges Public Interest Impact</u>

   Contrary to Plaintiffs' assertion, private claims between competitors ***can*** be asserted under the CPA so long as there is the ***potential*** for harm to the public interest. *Money Savers Pharmacy, Inc. v. Koffler Stores (Western) Ltd*., 37 Wash.App. 602, 610–11 (1984); *Karuza v. Thorpe*, No. 36732-3-1, 1997 WL 11839, at 4 (Div. I, 1997).    When the transaction is a private dispute and not a



WBM WITHERSPOON BRAJCICH MCPHEE

A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

consumer transaction, it is more difficult (but possible) to show public interest in the subject matter. *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.,* 86 Wash.App. 732, 744 (1997).[3] In such cases, there must be a likelihood additional persons have been or will be injured in the same fashion. *Id. at* 635. "Relevant factors include: whether the acts were committed in the course of the defendant's business; whether the defendant advertised to the public; whether the defendant actively solicited the plaintiff, thereby indicating other similar solicitations took place; and whether the parties occupied unequal bargaining positions. *Id.; See U-Haul Int'l, Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1242 (D. Ariz. 1981), *aff'd*, 681 F.2d 1159 (9th Cir. 1982); *see also Lexmark*, 572 U.S. 118, 131 (stating that the purpose of the Lanham Act's prohibition against false advertising is to protect the public interest in preventing "unfair competition"). "In short, the public has an interest in receiving accurate information and avoiding confusion in the marketplace." *Suzie's Brewery Company v. Anheuser-Busch Companies, LLC*, 519 F.Supp.3d 839, 856 (D.Or., 2021).

---

[3] The CPA claim was rejected in this case because the conduct was directed at the plaintiff (and other dealers) not the public, unlike this case where RACOM has directed its misrepresentations towards the public via publicly-owned entities.

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 16

WBM
WITHERSPOON
BRAJCICH
MCPHEE

A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Here, while the instant dispute is between two competitors, the alleged improper solicitations were directed at numerous public entities located throughout a wide geographic region, including Washington, Oregon and Idaho, thus implicating the public interest. ECF No. 14 at 19, ¶. 8; ECF No. 1, ¶ 26. Further, this was not an isolated event, but part of an active practice of unlawful and deceptive business solicitations targeting public entities with the intent to mislead. This type of active solicitation indicates other similar solicitations took place, invoking the public's interest. *See Goodyear,* 86 Wash.App. 732, 744. By purposefully and systematically misleading the public entity customers into thinking Mr. Copple worked for Plaintiffs and not Frontline, the public entity customers were duped into believing that Plaintiffs, through Mr. Copple, were providing the same high quality of service they expected from Mr. Copple based on past interactions. ECF No. 14 at 23-24, ¶¶ 29-31, 35.

36.  RACOM's deceptive practices not only harm Frontline due to lost sales and/or service transactions from customers who wish to do business with Mr. Copple but also misrepresents to customers the identity of the person servicing their orders, and therefore the quality, expertise, and responsiveness they can expect.

ECF No.14 at 24- 25, ¶ 36.

The nexus between Plaintiffs' pervasive false use of Mr. Copple's name

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 17



WBM WITHERSPOON BRAJCICH MCPHEE

A PROFESSIONAL LIMITED LIABILITY COMPANY

601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

with the intent to mislead numerous public entity customers is sufficient, at the pleading stage, to satisfy the public interest requirement. The allegation that public entity customers, which are owned by the public, are not receiving what they bargain for satisfies the CPA's public interest requirement. That is to say, for example, when a police department is deceived into entering a contract based on false information and does not therefore receive the quality of service bargained for because of that misconduct, the public is harmed.  Unlike the cases cited by Plaintiffs, here the general public interest was harmed in addition to the damage incurred by Frontline.[4]

---

[4] Federal law supports the proposition that the implication of tax dollars is indicative of a public interest. *See Lane v. Franks*, 573 U.S. 228, 241 (2014) (holding, in First Amendment context, misuse of state funds, and exposing governmental inefficiency, involves matters of "significant public concern.") Here, public funds have been misused because public entities were deceived regarding the services received. The same rationale allowing the First Amendment to be used to ensure proper stewardship of public monies applies to the public interest element in a CPA claim.

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 18

WBM WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

In *Money Savers*, Money Savers brought an action against Koffler Stores alleging it wrongfully used a name similar to its trade name and that such conduct caused confusion to the public between the identity of its business and the defendant's business. *Money Savers,* 37 Wash.App. 602, 612. The court dismissed the CPA claim, however it did so on grounds that highlight why a similar result should not follow here. The court held that Money Savers "conceded that the defendant had no intention to confuse the public as to the identity of the two businesses or to take customers away from the plaintiff." *Id*. "Nor has the plaintiff set forth any specific facts disclosing that any of its customers or any other members of the public were damaged by the defendant's advertising practices or that they were likely to be." *Id*. In contrast, it is alleged here (1) Plaintiffs misled the public entities on multiple occasions by claiming Mr. Copple works for them, (2) public entity customers were misled and injured by Plaintiffs' unfair practices, and (3) this caused damaged to both the public entities and Frontline.

3. Frontline Adequately Alleges Damage and Causation

"Damages, for purposes of the [CPA], must be broadly construed." *St. Paul Fire & Marine Ins. Co. v. Updegrave*, 33 Wash.App. 653, 658 (1983). "Even minimal injury is sufficient to meet the damages element of a CPA claim." *Univ.*

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 19



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

*of Wash. v. Gov't Emps. Ins. Co.*, 200 Wash.App. 455, 476 (2017).  The injury need not be monetary, a showing of damage to business reputation and loss of goodwill can suffice. *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wash.2d 299, 316 (1993).

Frontline alleges Plaintiffs' unfair competition and deceptive practices caused damages because "had customers known Mr. Copple's true employer they would have ceased relations with RACOM and sought service from Frontline." ECF No. 14, at 24, ¶ 32. Is also alleged that Frontline lost "sales and/or service transactions from customers who wish to do business with Mr. Copple." *Id.* at ¶ 36. Frontline's reputation is also harmed by Plaintiffs' falsely claiming an exceptional Frontline employee works for them. *Id.* at ¶ 29. Finally, Frontline generally alleges damages in an amount to be proven at trial. *Id.* at ¶ 37. Under F.R.C.P. 8, these specific allegations of damage and causation are sufficient.

## VI.    CONCLUSION

For the forgoing reasons, Plaintiffs' Motion to Dismiss should be denied.

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS - 20



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

Respectfully submitted this 18th day of November, 2025.

WITHERSPOON BRAJCICH MCPHEE, PLLC

By: /s/ *Bryce J. Wilcox*
     Bryce J. Wilcox, WSBA #21728

     Witherspoon Brajcich McPhee, PLLC
     601 W. Main Ave., Suite 1400
     Spokane, WA 99201
     Phone: (509) 455-9077
     Fax: (509) 624-6464
     Email: bwilcox@workwith.com

     Attorneys for Defendants

FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO DISMISS - 21



A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing *Defendants DEA Incorporated d/b/a Frontline Communications Systems Response to Plaintiffs' Motion to Dismiss* through the Court's CM/ECF system on the 18th day of November 2025. Notification of this filing will be automatically sent to all counsel of record.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 18th day of November, 2025.


/s/ Bryce J. Wilcox
Bryce J. Wilcon, WSBA #21728


FRONTLINE'S RESPONSE TO PLAINTIFFS' MOTION TO
DISMISS - 22



WBM WITHERSPOON BRAJCICH MCPHEE
A PROFESSIONAL LIMITED LIABILITY COMPANY
601 West Main Avenue, Suite 1400
Spokane, Washington 99201-0677
Telephone: (509) 455-9077
Fax: (509) 624-6441