Taylor Washburn, WSBA No. 51524
Erin M. Wilson, WSBA No. 42454
Andrew W. Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone:  206.223.7000
washburnt@ballardspahr.com
wilsonem@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Plaintiffs-Counterclaim Defendants RACOM Corporation and Eastern Communications, Ltd., LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company,<br><br>               Plaintiffs,<br><br>   v.<br><br>DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation; and STEVE MCLAUGHLIN, individually,<br><br>               Defendants. | Case No. 2:25-cv-00312-MKD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS FRONTLINE'S COUNTERCLAIMS** |

Frontline asserts RACOM "intentionally or negligently" included the name of a former RACOM salesperson, Lee Copple, in quotes sent to potential customers after Mr. Copple had departed RACOM for Frontline. Based on these alleged facts, it asserts (1) a claim for tortious interference; and (2) a Washington CPA claim.

The Counterclaims do not identify any specific potential customers who might have received such quotes from RACOM, nor do they say—even in general terms—how many customers might have been affected. Frontline also fails to allege facts to show that it had a reasonable expectation of contracting with these customers, saying only that Frontline and RACOM are competitors. The Counterclaims allow that any quote sheets bearing Mr. Copple's name may have been sent negligently, rendering implausible Frontline's assertion that RACOM acted with the intent required for a tortious interference claim. And Frontline's allegations offer no basis to conclude that RACOM's alleged conduct affected the American consumer public, as is required to pursue a claim under the CPA. In addition, Frontline's allegations as to causation and damages are so vague and conclusory that they cannot support either claim.

For all these reasons, and others set forth below and in RACOM's Motion to Dismiss (ECF No. 22), RACOM requests that the Court dismiss both counterclaims.

I.         ARGUMENT

A. **Frontline misstates the pleading standard.**

Frontline argues RACOM's Motion is baseless because the Motion describes Frontline's factual allegations as "thin," "vague," and "speculative." Resp. (ECF No. 23), 1–2. According to Frontline, this means the Motion is nothing more than an "attack on the weight of the pled counterclaim facts in the guise of a Rule 12(b)(6) motion." *Id.*; *see also id.* at 9.

Not so. District courts are obligated to evaluate whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 1

**BALLARD SPAHR LLP**
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In determining whether the Counterclaims clear this hurdle, it is entirely proper—indeed necessary—for this Court to determine whether Frontline's allegations are adequate to support "[a] reasonable inference that [RACOM] is liable for the misconduct alleged." *Id.*

"Thin," "vague," and "speculative" allegations are insufficient where they do not plausibly establish every element of the asserted claims.[1] It is not enough that a complaint alleges facts; it must allege facts that, if true, would establish liability. The Counterclaims do not meet this standard and should therefore be dismissed.

### A. Frontline has not pled tortious interference.

Frontline's tortious interference claim is based on the allegation that RACOM either intentionally or negligently included Mr. Copple's name on quotes sent to prospective customers after Mr. Copple had left RACOM and joined Frontline. Counterclaims, ¶¶ 21–27. This claim fails because (1) Frontline's allegations do not establish a reasonable expectation in any prospective business relationship with such

---

[1]  *See, e.g., Nguyen v. City of Buena Park,* No. 20-cv-00348-JLS-ADS, 2020 WL 5991616, at *8 (C.D. Cal. Aug. 18, 2020) (concluding "thin and conclusory allegations" did not state a claim); *Bellow v. Henderson Police Dept.,* No. 22-cv-01144-JAD-EJY, 2022 WL 17555721, at *1 (D. Nev. Dec. 8, 2022) (dismissing "factually thin" complaint under Rule 12(b)(6)); *Whitaker v. Body, Art and Soul Tattoos Los Angeles, LLC,* 840 Fed. Appx. 959, 960 (9th Cir. 2021) (identifying the "vague nature of the complaint's allegations" as grounds for dismissal); *Griffin v. Spokane Pub. Sch. Dist. No. 81,* No. 10-cv-419-LRS, 2011 WL 613401, at *1 (E.D. Wash. Feb. 14, 2011) (dismissing complaint based on "speculative" allegations); *Dejeu v. Washington Dept. of Labor & Indust.,* No. 13–cv-5401-RBL, 2013 WL 5437649, at *2 (W.D. Wash. Sept. 27, 2013) (same).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 2

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

unidentified customers; (2) Frontline has not alleged RACOM knew of any such relationships; (3) Frontline has alleged that RACOM may have acted negligently, which defeats the claim; and (4) Frontline has not adequately alleged damages.

### 1. *Frontline doesn't allege a valid business expectancy.*

RACOM does not dispute Frontline's assertion that a business expectancy can be a prospective relationship; indeed, RACOM says as much in its own Motion. ECF No. 22 at 6. This does not, however, mean the prospective relationship can be hypothetical or speculative, as is the case here. *Id*. at 6–8.

Frontline cites *Greensun Group, LLC v. City of Bellevue*, 7 Wn.App.2d 754, 767, 436 P.3d 397 (2019) as holding a claim for tortious interference with a business expectancy does not require that the plaintiff allege a relationship with "identifiable third parties." ECF No. 23. at 9. However, federal court opinions issued since *Greensun* have made clear that there is still a requirement for a plaintiff to identify the business expectancy beyond a general group of possible clients. *See Monster v. Creatd, Inc.*, No. C21-1177-MLP, 2022 WL 1624713, at *8 (W.D. Wash. May 23, 2022) (generic references to clients and banks do not establish expectancy); *Stuc-O-Flex Int'l, Inc. v. Low and Bonar, Inc.*, No. 2:18-cv-01386-RAJ, 2019 WL 4688803, at *6 (W.D. Wash. Sept. 26, 2019) (same). Moreover, as Judge Rice noted in *City of Leavenworth v. Projekt Bayern Ass'n, Greensun* requires the plaintiff demonstrate a "reasonable expectation" in the prospective business relationship, which cannot be mere "wishful thinking." No. 22-cv-0174-TOR, 2023 WL 2354906, at *5 (E.D. Wash. March 3, 2023) (quoting *Greensun,* 7 Wn.App.2d at 768). In *Leavenworth,* Judge Rice held plaintiff had not stated a claim where it was one of two competitors for a business relationship, but there were no allegations to suggest it would win out over its rival or that it had acted in reliance on an expected victory. *Id.* (distinguishing *Greensun*, 7 Wn.App.2d at 769, in which there *was* evidence of plaintiff's reliance).

Here, as in *Leavenworth,* the allegations do not show a reasonable expectation

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 3

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

that any prospective customer relationship would actually come to fruition. The only factual basis Frontline supplies to establish such an expectation is that Frontline and RACOM are competitors, which purportedly implies Frontline *could* do business with any prospective customer of RACOM. ECF No. 23 at 7 (quoting Counterclaims at 19, 22). But the possibility of doing business with a client is insufficient. *See, e.g., IMEG Consultants Corp. v. Delta E Consulting, LLC*, No. 2:24-CV-01916-RAJ, 2025 WL 1371507, at *4 (W.D. Wash. May 12, 2025) ("[A] bid on a public contract does not automatically create a valid business expectancy"); *Wilson Aerospace LLC v. Boeing Co. Inc.*, No. 2:23-CV-00847-JHC, 2025 WL 821904, at *14 (W.D. Wash. Mar. 14, 2025) (dismissing claim where the "allegation only supports the notion that Plaintiff missed out on the opportunity to bid to enter a business relationship with NASA, not that Plaintiff had a reasonable expectation of a business relationship with NASA.").

There is no allegation Frontline acted in reliance on winning any clients that may have received quotes from RACOM with Mr. Copple's name. *See generally* ECF No. 14, Counterclaims, ¶¶ 11–27; *cf. Leavenworth,* 2023 WL 2354906, at *5. On these facts, the purported expectancies alleged by Frontline are no more than "wishful thinking," which cannot ground a tortious interference claim. *Greensun,* 7 Wn.App.2d at 768.

### 2. *Frontline doesn't allege knowledge by RACOM.*

Even where plaintiff has adequately pled a business expectancy, it is necessary that "this relationship … [was] known, or reasonably apparent, to the interferor." *Scymanski v. Dufault*, 80 Wn.2d 77, 84–85, 491 P.2d 1050 (1971). Frontline's Counterclaims do not even assert in conclusory terms that RACOM was aware of any relationship between Frontline and another party. ECF No. 22 at 8–9.

Frontline's only response on this point is that RACOM must have been aware that Frontline had a prospective business expectancy with any recipient(s) of quotes

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 4

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

that included Mr. Copple's name because the two companies are competitors. Resp. at 10. This cannot be enough. The knowledge requirement—a "critical element" of a tortious interference claim, *Club Level, Inc. v. City of Wenatchee*, 189 Wn. App. 1051, 2015 WL 5138564, at *5 (2015)—would become nearly superfluous if it could be satisfied merely by alleging the parties are competitors. *Nat'l Prods. Inc. v. Innovative Intelligent Prods., LLC*, No. C20-428 RAJ, 2021 WL 4948165, at *7 (W.D. Wash. Oct. 25, 2021) (dismissing claim where "[t]he operative pleading … [did] not indicate that [alleged interferer] knew about the potential sale").

### 3. *Frontline doesn't adequately allege intentional conduct.*

In Washington, tortious interference is an intentional tort. *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 351, 144 P.3d 276 (2006) (identifying "intentional interference" as a required element). Thus, any party claiming tortious interference must plead intent, and cannot rely on allegations of negligence. *Wareing Shire Breeders v. Am. Shire Horse Ass'n,* 132 Wn. App. 1046, 2006 WL 1134965, at *6 (May 1, 2006) (noting Washington does not recognize any cause of action for negligent interference with a business expectancy, which would give rise to "a broad and undesirable expansion of tort liability for business decisions").[2]

Frontline has not pled that RACOM acted intentionally because it asserts that

---

[2] Frontline concedes that this is the case. ECF No. 23 at 11 (noting that although *other* jurisdictions have adopted a negligence-based interference claim, "Washington has yet to expressly adopt such a cause of action"). The *Erie* doctrine bars federal courts from inventing new state-law causes of action. *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000) ("a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction").

RACOM might have used Mr. Copple's name in quotes *negligently*. ECF No. 14, Counterclaims, ¶¶ 18, 24.[3] This is the equivalent of Frontline alleging that it may *or may not* have had a business expectancy, or that it may *or may not* have suffered damages. *Pac. Nw. Shooting Park*, 158 Wn.2d at 351 (listing elements of tortious interference). If—as the Counterclaims acknowledge is possible—RACOM *did not* act with a "desire[ ] to bring … about [the interference]" or with knowledge "that the interference [was] certain or substantially certain to occur," it cannot be liable for tortious interference. *Newton Ins. Agency & Brokerage v. Caledonian Ins. Group. Inc.*, 114 Wn. App. 151, 158, 52 P.3d 30 (2002) (defining intent).

Here, it is necessary to return to the Rule 12(b)(6) plausibility standard, which "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Frontline's allegation that RACOM may have acted negligently in including Mr. Copple's name in quote sheets *explicitly* allows for the possibility that RACOM did not act with the requisite intent. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). If RACOM acted negligently, it is not liable; by admitting it may have done so, Frontline has destroyed the plausibility of its own claim. *See, e.g., Morshaeuser v. Citimortgage, Inc.*, No. 12-cv-2210, 2012 WL 5289383, at *7 (E.D. La. Oct. 24, 2012) (finding allegation that defendants acted "either intentionally or negligently"

---

[3] Frontline's acknowledgement that RACOM may have included Mr. Copple's name in quotes negligently has the appearance of a Freudian slip, since negligence is far more plausible than that RACOM intentionally sought to mislead customers into believing it continued to employ a salesperson after his departure. All that would be required for a potential customer to uncover this "deception" would be to contact RACOM and ask to speak with Mr. Copple—or to contact Mr. Copple himself.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 6

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

cannot support an intentional tort claim); *Mahdesian v. Joseph T. Ryerson & Son, Inc.,* 782 F.Supp. 63, 65 (E.D. Mich. 1992) (similar).[4]

### 4. *Frontline doesn't adequately allege injury.*

In defending its conclusory assertion of damages, Frontline argues that it need not identify specific lost customers, and cites *United Federation of Churches, LLC v. Johnson*, 598 F.Supp.3d 1084, 1099 (W.D. Wash., 2022). Although it is true that a plaintiff need not identify each lost customer to plead damages, plaintiff in *United Federation* had identified a specific and reasonable business expectancy, such that a general allegation of harm was not hypothetical or speculative. Here, by contrast, Frontline has not identified such an expectancy; instead, Frontline merely speculates that unidentified client relationships may have arisen. The possibility of damages is not enough. *See Wenzler & Ward Plumbing & Heating Co. v. Sellen*, 330 P.2d 1068, 1070 (Wash. 1958) (holding that uncertainty as to the amount or quantum of damages is not fatal to a plaintiff's claim, but uncertainty as to the fact of damage is fatal); *see also Wilson v. Bank of Am., N.A.*, No. C12-1532JLR, 2013 WL 275018, at *4 (W.D. Wash. Jan. 24, 2013) (rejecting hypothetical damages).

### C. Frontline has not pled a Washington CPA claim.

Frontline claims that its CPA counterclaim is based on a theory of unfair competition. Resp. at 13-18. But this is contradicted by the Counterclaims, which do not reference "unfair competition," and instead say "RACOM engaged in an unfair

---

[4] As RACOM has acknowledged, a party can plead intentional and negligence-based torts in the alternative *where both such torts exist*. ECF No. 22 at 9–10. For example, a plaintiff could plausibly allege in the alternative that defendant inflicted emotional distress either negligently or intentionally. By contrast, a battery claim—which, like tortious interference, requires intent—cannot survive if plaintiff alleges the physical contact could have been inadvertent.

or deceptive practice." ECF No. 14, Counterclaims, ¶ 29; *see also id.* ¶ 37.

Even assuming, however, that Frontline intended the Counterclaims to assert an unfair competition theory, it has still not pled conduct by RACOM that "impacts the public interest" and injured Frontline. Both of these are necessary elements of a CPA claim arising from unfair competition, *see, e.g., Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 744, 935 P.2d 628 (1997); *Nat'l Products, Inc. v. Gamber-Johnson LLC,* 699 F.Supp.2d 1232, 1242 (W.D. Wash. 2010), and the failure to plead either is "fatal" to Frontline's claim, *Sorrel v. Eagle Healthcare*, 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).

### 1. *Frontline has not alleged public-interest impact.*

Although a business may bring a CPA claim against a competitor based upon unfair competition, the plaintiff must still plead facts to show that the competitor's alleged misconduct impacted the public interest. *Nat'l Products,* 699 F.Supp.2d at 1242. In assessing whether the public-interest requirement is met in the context of a CPA claim between private parties, courts consider four factors, none dispositive: "(1) whether the alleged acts were committed in the course of defendant's business; (2) whether defendant advertised to the public in general; (3) whether defendant actively solicited the particular plaintiff, indicating potential solicitation of others; (4) whether plaintiff and defendant had unequal bargaining positions." *Michael v. Mosquera-Lacy,* 165 Wn.2d 595, 605, 200 P.3d 695 (2009) (quotations omitted).

Only the first of these factors is present here. There is no allegation RACOM "advertised to the public in general" or that it "solicited" Frontline; nor is there any allegation that RACOM had Frontline occupied "unequal bargaining positions." The *only* factor present is that any purported misconduct by RACOM was in the context of its business—hardly an exacting standard. *See* ECF No. 14, Counterclaims, ¶¶ 28–37.

Even in lawsuits involving a "private dispute," the public-interest requirement

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 8

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

entails that "there must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated." *Michael,* 165 Wn.2d at 605–6 (quoting *Eastlake Constr. Co. v. Hess*, 102 Wn.2d 30, 52, 686 P.2d 465 (1984)). Frontline's Counterclaims allege no facts that suggest "a real and substantial potential for repetition" in this case; indeed, they are flatly inconsistent with such a possibility.

As noted above, the theory of Frontline's CPA claim is that RACOM included the name of a single former RACOM salesperson in quotes sent to potential customers after this salesperson had joined Frontline. For this alleged conduct to be repeated, some other salesperson would need to depart RACOM for a competitor in the future, and RACOM would again need to include this salesperson's name in quotes. Although it is *possible* that this could reoccur (in the sense that anything is possible), Frontline has alleged no facts to demonstrate "a real and substantial potential for repetition." *Michael,* 165 Wn.2d at 605–6. Rather, Frontline has at most alleged a single action, possibly negligent, that is unlikely to reoccur or affect any member of the public.

To the extent Frontline claims this alleged conduct is likely to reoccur, its only basis for doing so is that RACOM purportedly directed its "improper solicitations" at "numerous public entities located throughout a wide geographic region." Resp. at 17. *But this allegation does not appear in the Counterclaims.* Frontline does not say RACOM sent quotes with Mr. Copple's name to "numerous public entities"; rather, it alleges only that these were sent to "multiple" unidentified "customers." *See, e.g.,* ECF No. 14, Counterclaims, ¶¶ 18, 30–31. Multiple could, of course, mean two or three.

Frontline suggests, in a footnote, that the public-interest requirement might be met here because RACOM allegedly "directed its misrepresentations towards the public via publicly-owned entities." ECF No. 23 at 16 n.3. However, in *U.S. ex rel.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
DISMISS FRONTLINE'S COUNTERCLAIMS - 9

BALLARD SPAHR LLP
1301 2ND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107

*Savage v. Washington Closure Hanford LLC*, the court rejected such a theory, dismissing a CPA claim because "[a]lthough the alleged unfair practice relates to work on a public project, [this] practice lacks the capacity to impact the public in general." No. CV-10-5051-EFS, 2015 WL 5825966, at *14 (E.D. Wash. Oct. 6, 2015) (observing that "Defendants' alleged false statements and/or misrepresentations were directed at [the U.S. Department of Energy], not American consumers"). RACOM has not identified any Washington case law to suggest the public-interest requirement for a CPA claim can be met by alleging false statements to the government.

### 2. *Frontline has not adequately alleged damages or causation.*

Frontline has not alleged facts to support the conclusion that it suffered harm. While it has asserted generically that it may have suffered "lost sales and/or service transactions from customers who wish to do business with Mr. Copple," it does not allege a single customer—named or unnamed—contracted with RACOM instead of Frontline because the customer believed, based on a quote, that RACOM employed Mr. Copple. *See* ECF No. 14, Counterclaims, ¶¶ 28–37. In fact, it alleges the opposite: "at least one customer who received a quote from RACOM bearing Mr. Copple's name after his employment with RACOM ended *became a Frontline customer serviced by Mr. Copple after it learned of the misrepresentation*." *Id.* ¶ 33. In other words, Frontline claims that because of RACOM's purported misrepresentation, Frontline *acquired* business. An alleged misstatement that supposedly redounded to the benefit of the defendant's competitor cannot support a CPA claim.

## II. CONCLUSION

For all the reasons set forth in RACOM's Motion to Dismiss and this Reply, the Court should dismiss Frontline's Counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

DATED: December 2, 2025

BALLARD SPAHR LLP


By: *s/ Taylor Washburn*
Taylor Washburn, WSBA No. 51524
Erin M. Wilson, WSBA No. 42454
Andrew W. Gust, WSBA No. 64095
BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, Washington 98101
Telephone: 206.223.7000
washburnt@ballardspahr.com
wilsonem@ballardspahr.com
gusta@ballardspahr.com

*Attorneys for Plaintiffs-Counterclaim Defendants RACOM Corporation and Eastern Communications, Ltd., LLC*

# CERTIFICATE OF SERVICE

I, Terri L. Zimmerman, hereby certify under penalty of perjury of the laws of the State of Washington that on the 2nd day of December, 2025, I caused to be served a copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS FRONTLINE'S COUNTERCLAIMS, on the following person(s) at the following address(es):

**Attorneys for Defendant-Counterclaim Plaintiff DEA Incorporated and Defendant Steve McLaughlin:**

Bryce J. Wilcox, WSBA #21728
Nicholas C. Briggs, WSBA #63583
Witherspoon Brajcich McPhee, PLLC
601 W. Main Ave., Suite 1400
Spokane, WA 99201
Phone: (509) 455-9077
Fax: (509) 624-6464
Email:
bwilcox@workwith.com
nbriggs@workwith.com

☑ by Court E-Service
☐ by Electronic Mail
☐ by Facsimile Transmission
☐ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

December 2, 2025.

*s/ Terri L. Zimmerman*
Terri L. Zimmerman, Legal Assistant

CERTIFICATE OF SERVICE - 12

BALLARD SPAHR LLP
1301 2ND AVE #2800
SEATTLE, WASHINGTON 98101
206.223.7000 FAX: 206.223.7107