FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation, and STEVE MCLAUGHLIN, an individual, <br><br> Defendants. | No. 2:25-CV-0312-MKD <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS <br><br> **ECF No. 22** |

Before the Court is Plaintiffs' Motion to Dismiss Frontline's Counterclaims. ECF No. 22.  On February 25, 2026, the Court held a hearing on the motion.  ECF No. 36.  Andrew W. Gust represented Plaintiffs.  Bryce J. Wilcox, Nicholas C. Briggs, and William Gregory Lockwood represented Defendants.  The Court has considered the briefing and the record, heard from counsel, and is fully informed. For the reasons below, the Court grants the motion.

ORDER - 1

# BACKGROUND

Plaintiffs assert the following claims: (1) Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, RCW 19.108; and (3) Tortious Interference with Business Relationships and Expectancies. ECF No. 1 at 13, 15, 17. Plaintiffs allege that Defendant Steve McLaughlin is a former RACOM employee who resigned in November 2023. ECF No. 1 at 4. After leaving RACOM, Defendant McLaughlin began working for Frontline, a competing company, as a division manager. *Id.* at 5. Both RACOM and Frontline offer the same type of emergency communication equipment and installations in the same region. *Id.* at 5. RACOM alleges that McLaughlin's actively solicited RACOM customers and current employees to join Frontline. *Id.* Further, RACOM alleges that McLaughlin used proprietary customer lists and pricing data to solicit RACOM customers and gain improper access to customer-specific communication system design plans and notes. *Id.* at 2, 5.

Defendants raise two counterclaims: 1) Tortious Interference with Prospective Business Advantage; and 2) Violation of Washington's Consumer Protection Act ("CPA"). ECF No. 14 at 15-25. Defendants assert that upon the departure of another former RACOM employee, Lee Copple, RACOM intentionally used outdated quote forms bearing Mr. Copple's name when

ORDER - 2

engaging in business with customers. *Id.* at 20-21. Defendants allege that those customers became Frontline customers upon learning that Mr. Copple was no longer employed at RACOM and was now at Frontline. *Id.* at 21. Plaintiffs moved to dismiss both counterclaims. ECF No. 22.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

ORDER - 3

**DISCUSSION**

Plaintiffs argue that Defendants' counterclaims should be dismissed because Defendants fail to adequately plead the required elements for intentional interference with a prospective business expectancy or a CPA violation. ECF No. 22 at 5.

**A. Tortious Interference**

Under Washington law, a party claiming tortious interference with a business expectancy must prove (1) the existence of a valid expectancy, (2) the party's knowledge of the relationship, (3) intentional interference inducing or causing a termination of this business expectancy, (4) that the party interfered for an improper purpose or used improper means, and (5) resultant damage. *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 144 P.3d 276, 280 (Wash. 2006). Plaintiffs argue that Defendants have failed to plead the existence of a valid business expectancy, Plaintiffs' knowledge of the expectancy, intentional interference, or injury to Defendants. ECF No. 22 at 6-10. The Court considers each argued element in turn.

*1. Existence of Valid Expectancy*

Plaintiffs argue that Defendants do not plead a valid business expectancy because they did not "allege a prospective business relationship between [Frontline] and any identifiable third party or parties." ECF No. 22 at 6.

ORDER - 4

Defendants assert that they alleged a valid business expectancy "by claiming the existence of a prospective contractual relationship of pecuniary value with Plaintiffs' customers who did not do business with Frontline" because Plaintiffs asserted they still employed Mr. Copple.  ECF No. 23 at 9.

"To establish a valid business expectancy, courts require something less than an enforceable contract."  *Greensun Group, LLC v. City of Bellevue*, 436 P.3d 397, 405 (Wash. App. 2019).  "A valid business expectancy includes any prospective contractual or business relationship that would be of pecuniary value."  *Id.* "Washington courts require [the party] to show only that its future business opportunities are a reasonable expectation and not merely wishful thinking."  *Id.*

Defendants allege that:

> RACOM's intentional or negligent misrepresentation that it employed Mr. Copple after his employment ended created a false impression that Mr. Copple was still providing services on behalf of RACOM rather than RACOM's competitor Frontline. This unreasonably and unjustifiably interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple.

ECF No. 14 at 22.

Beyond merely stating that their expectation was reasonable, Defendants have not alleged that they had a reasonable expectation of obtaining certain business opportunities.  Defendants have not alleged that the prospective business relationship was anything more than wishful thinking.  Accordingly, Defendants

ORDER - 5

have not adequately pleaded existence of a valid expectancy.

### 2. Knowledge of Business Expectancy

Defendants assert that they adequately alleged knowledge because Plaintiffs are direct competitors in the same marketplace as Defendants.  ECF No. 23 at 11.  Knowledge of a business expectancy "requires the [party] to have known of the [claimant's] business expectancy."  *Greensun Group, LLC*, 436 P.3d at 406.  Defendants allege, and it is undisputed, that Plaintiffs are a direct competitor of Defendant Frontline.  ECF Nos. 1 at 5; 14 at 19.  However, Defendants do not allege that Plaintiffs knew Defendants had a business expectancy with another party because Plaintiffs are a competitor.  Accordingly, Defendants have not adequately pleaded the knowledge element.

### 3. Intentional Interference

Plaintiffs argue that "Frontline has not alleged RACOM acted with the desire to interfere with Frontline's business expectancies or the knowledge that its conduct would have this effect."  ECF No. 22 at 19.  Defendants assert that "it is specifically alleged in the Counterclaim that Plaintiffs intentionally misrepresented they employed Mr. Copple . . . this unreasonably and unjustifiably interfered with business opportunities Frontline could reasonably have expected to obtain after it hired Mr. Copple."  ECF No. 23 at 11-12.

"Interference with a business expectancy is intentional if the actor desires to

ORDER - 6

bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action." *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Group, Inc.*, 52 P.3d 30, 33 (Wash. App. 2002).

Defendants allege in their counterclaim that "RACOM, through its agents and representatives, either intentionally or negligently sent quotes to clients, or perspective clients, bearing Mr. Copple's name, falsely suggesting Mr. Copple was still employed by RACOM and using Mr. Copple's name to either retain or acquire new business." ECF No. 14 at 20-21.  However, Defendants do not allege the intentional interference element beyond reciting the element.  *See Ashcroft*, 556 U.S. at 678 (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Accordingly, Defendants have not adequately pleaded that Plaintiffs intentionally interfered with a business expectancy.

### 4. Resultant Damage

Plaintiffs argue that Defendants allege damages in conclusory terms that could not support a damages award.  ECF No. 22 at 10.  Defendants allege that they are "aware of multiple customers and potential customers who received false and misleading quotes" and "at least on of [the customers] then began doing business with Frontline after learning of RACOM's misrepresentations."  ECF No. 14 at 22-23.  Defendants further allege that "[a]s a result of RACOM's interference

ORDER - 7

with Frontline's business expectancies, Frontline has suffered damages in an amount to be established at trial." *Id.*

Beyond asserting the element of resultant damage, Defendants have not alleged facts that rise above the speculative level. *See Ashcroft*, 556 U.S. at 678.. Accordingly, the Court finds Defendants have not adequately pleaded resultant damage.

**B. Consumer Protection Act Claim ("CPA")**

Plaintiffs argue that Defendants have not adequately alleged a CPA claim for unfair or deceptive practices. ECF No. 22 at 11. Defendants assert that they allege a CPA claim for unfair competition and not unfair or deceptive practices. ECF No. 23 at 15. However, Defendants only refer to unfair or deceptive practices in their counterclaim. ECF No. 14 at 23-25.

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. RCW 19.86.020. To establish a CPA claim, Defendants must demonstrate "(1) an unfair or deceptive practice or act; (2) occurring in trade or commerce; (3) affecting the public interest; (4) injury to a person's business or property; and (5) causation. *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 889 (Wash. 2009).

Plaintiffs argue that Defendants failed to establish that Plaintiffs' actions

ORDER - 8

affected the public interest, that injury occurred to a person's business or property, and causation.  ECF No. 22 at 12.  The Court considers each argued element below.

    *1. Public Interest*

Plaintiffs argue that Defendants have not pleaded "facts to show that [Plaintiffs'] alleged misconduct impacted the public interest."  ECF No. 24 at 9.  Defendants assert that Plaintiffs' actions were "an active practice of unlawful and deceptive business solicitations targeting public entities . . . [and] [t]his type of active solicitation indicates other similar solicitations took place, invoking the public's interest."  ECF No. 23 at 18.

"Whether the public has an interest in any given action is determined by reference to several factors, depending upon the context in which the alleged acts were committed."  *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. App. 1997).  "When a transaction is a private dispute . . . and not a consumer transaction, it is more difficult to show public interest in the subject matter."  *Id.*  "There must be a likelihood additional persons have been or will be injured in the same fashion."  *Id.*  Relevant factors include (1) whether the acts were committed in the course of business; (2) whether defendant advertised to the public; (3) whether defendant solicited plaintiff; and (4) whether plaintiff and defendant had unequal bargaining positions.  *Hangman Ridge Training Stables,*

ORDER - 9

*Inc. v. Safeco Titles Ins. Co.*, 719 P.2d 531, 538 (Wash. 1989).

Defendants have not alleged that Plaintiffs advertised to the public, that Defendants were solicited by Plaintiffs, or that Plaintiffs and Defendants had unequal bargaining positions. *See* ECF No. 14 at 23-25. Defendants do allege that the conduct took place in the course of Plaintiffs' business. *Id.* However, Defendants do not allege a likelihood that additional persons will be injured in the same fashion. *See Goodyear Tire & Rubber Co.*, 935 P.2d at 635. Considering Defendants allege only one factor showing public interest and do not allege a likelihood of additional injuries to others, Defendants have not adequately pleaded a public interest.

### 2. Injury and Causation

Plaintiffs argue that "Frontline has not alleged facts to support the conclusion that it suffered harm." ECF No. 24 at 11.

"Even minimal injury is sufficient to meet the damages element of a CPA claim." *University of Washington v. Government Employees Insurance Co.*, 404 P.3d 559, 571 (Wash. App. 2017). "A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Id.* at 572. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the

ORDER - 10

speculative level[.]"  *Twombly*, 550 U.S. at 555.

Defendants allege that "at least one customer who received a quote from RACOM bearing Mr. Copple's name . . . became a Frontline customer serviced by Mr. Copple after it learned of the misrepresentation."  ECF No. 14 at 24. Defendants further allege that "Frontline was injured by RACOM's deceptive practices because . . . had customers known Mr. Copple's true employer they would have ceased relations with RACOM and sought service from Frontline."  *Id.* Beyond reciting the elements of injury and causation, Defendants factual allegations do not rise above the speculative level.  Accordingly, the Court finds that Defendant Frontline has not adequately pleaded injury and causation.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Dismiss Frontline's Counterclaims, **ECF No. 22**, is **GRANTED.**

2. All claims against Plaintiffs are **DISMISSED** with leave to amend.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED May 12, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 11