FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 22, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACOM CORPORATION, a Delaware corporation, and EASTERN COMMUNICATIONS, LTD., LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEA INCORPORATED d/b/a FRONTLINE COMMUNICATIONS SYSTEMS, a Washington corporation, and STEVE MCLAUGHLIN, an individual,<br><br>Defendants. | No. 2:25-CV-0312-MKD<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS<br><br>**ECF No. 44** |

Before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6). ECF No.44. On August 24, 2026, the Court held a hearing on the motion. ECF No. 48. Andrew W. Gust represented Plaintiffs. Evan R. Aronson represented Defendants. The Court has considered the briefing and the record, heard from counsel, and is fully informed. For the reasons below, the Court grants the motion.

## BACKGROUND

Plaintiffs assert the following claims: (1) Misappropriation of Trade Secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) Misappropriation of Trade Secrets under the Uniform Trade Secrets Act, RCW 19.108; and (3) Tortious Interference with Business Relationships and Expectancies. ECF No. 1 at 13, 15, 17.

Plaintiffs allege that Defendant Steve McLaughlin is a former RACOM employee who resigned in November 2023. ECF No. 1 at 4. After leaving RACOM, Defendant McLaughlin began working for Frontline, a competing company, as a division manager. *Id.* at 5. Both RACOM and Frontline offer the same type of emergency communication equipment and installations in the same region. *Id.* at 5. RACOM alleges that McLaughlin's actively solicited RACOM customers and current employees to join Frontline. *Id.* Further, RACOM alleges that McLaughlin used proprietary customer lists and pricing data to solicit RACOM customers and gain improper access to customer-specific communication system design plans and notes. *Id.* at 2, 5.

Defendants previously raised two counterclaims which the Court dismissed with leave to amend. ECF No. 40. In their amended answer, Defendants raise three counterclaims: (1) Violation of RCW 49.62.020 Declaratory Relief; (2) Violation of RCW 49.62.020 Injunctive Relief; and (3) Unfair and Deceptive

Competitive Practices under the Washington Consumer Protection Act. ECF No. 42 at 19-22. Defendants allege that Defendant McLaughlin's employment agreement with RACOM included an "Agreement Not to Compete" and a "Non-Inducement" provision. ECF No. 42 at 15. Defendants assert that RACOM seeks to improperly enforce the noncompete agreements through this litigation. *Id.* Plaintiffs moved to dismiss all three counterclaims. ECF No. 44.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual

allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Plaintiffs argue that Defendants' counterclaims should be dismissed because (1) Defendants fail to adequately plead that Plaintiffs are enforcing or explicitly leveraging a noncompete agreement; and (2) Defendants fail to adequately plead the unfair or deceptive act and public interest impact elements of a Washington Consumer Protection Act ("CPA") claim. ECF No. 44 at 8, 14.

**A. Noncompete Agreements**

Defendants assert two causes of action alleging violations of Washington's statute governing noncompetition covenants, RCW 49.62.020. ECF No. 42 at 19-20. Plaintiffs argue that both causes of action "fail because the counterclaims do not . . . allege that RACOM is enforcing or explicitly leveraging a non-competition covenant within the meaning of RCW 49.62." ECF No. 44.

RCW 49.62.080 Relief – Remedies, states in pertinent part:

> (4) A cause of action may not be brought regarding a noncompetition covenant signed prior to January 1, 2020, if the noncompetition covenant is not being enforced or explicitly leveraged.

"Washington courts have not specified what it means to 'enforce' or 'explicitly leverage' a non-compete agreement." *Culver v. 3M Co.*, 2025 WL 2364586, at *1 (9th Cir. 2025) (unpublished). The Ninth Circuit applied the plain

meaning of "enforced" and "explicitly leveraged" when considering RCW 49.62.080's application. *Id.* The Ninth Circuit defined "enforced" to mean "to give force or effect to (a law, etc.); to compel obedience to" and "leveraged" to mean "to use for gain: exploit." *Id.*

On November 12, 2018, Defendant McLaughlin entered into an employment agreement with RACOM, which included an "Agreement Not to Compete" and a "Non-Inducement" provision. ECF No. 42 at 19. Pursuant to RCW 49.62.080(4), because the agreement was signed prior to January 1, 2020, a cause of action may not be brought unless the agreement is "being enforced or explicitly leveraged."

As noted above, Plaintiffs plead three claims in their complaint: (1) Misappropriation of Trade Secrets Under the Defend Trade Secrets Act, 18 U.S.C. § 1836; (2) Misappropriation of Trade Secrets Under the Uniform Trade Secrets Act, RCW 19.108; and (3) Tortious Interference with Business Relationship and Expectancies. ECF No. 1. Plaintiffs do not reference or use the noncompete or non-inducement provisions as a basis for their claims.

Defendants assert that Plaintiffs seek to enforce the noncompete and non-inducement provisions through this litigation. ECF No. 42 at 17. Defendants argue that "at the heart" of Plaintiffs' three claims "is the allegation that [Defendants] competed with and worked with customers from RACOM." ECF No. 42. But beyond this argument, Defendants do not indicate any actions by

Plaintiffs that constitute the enforcement or explicit leverage of the noncompete or non-inducement provisions. Accordingly, Defendants have not adequately pleaded that Plaintiffs are enforcing or explicitly leveraging a noncompete agreement.

**B. Washington Consumer Protection Act**

Defendants' third cause of action alleges Plaintiffs participated in unfair and deceptive competitive practices under the CPA. ECF No. 42 at 21. Plaintiffs argue this claim should be dismissed because "Defendants have not alleged an unfair or deceptive act and have not alleged public interest impact." ECF No. 44 at 14.

The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. RCW 19.86.020. Washington courts have derived a five-part test for private actions brought under the CPA. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). Under this test, plaintiffs must demonstrate (1) an unfair or deceptive practice or act; (2) in commerce or trade; (3) that affects the public interest; (4) injury to the plaintiffs' business or property; and (5) a causal link between the unfair or deceptive practice or act and the injury suffered. *Id.* The Court considers each disputed element below.

*1. Unfair Deceptive Act or Practice*

Defendants allege that "RACOM has engaged in an unfair or deceptive

competitive act by seeking to enforce void and unenforceable noncompete and non-inducement covenants through surreptitious means." ECF No. 42 at 21. Plaintiffs argue that because they are asserting "independent trade secret and tortious interference claims that make no reference to any restrictive covenant," Defendants have not adequately pleaded an unfair or deceptive act.

A "claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Schiff v. Liberty Mut. Fire Ins. Co.*, 542 P.3d 1002, 1006 (Wash. 2024). "A plaintiff need not show the act in question was intended to deceive, only that it had the capacity to deceive a substantial portion of the public." *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 894 (Wash. 2009) (en banc) (citing *Leingang v. Pierce County Medical Bureau, Inc.*, 930 P.2d 288, 297 (Wash. 1997) (en banc)).

Although Defendants allege that Plaintiffs are using this litigation to enforce the noncompete and non-inducement provisions, the complaint does not reference either provision, nor do Plaintiffs use the provision for the basis of their claims. Plaintiffs assert independent causes of action, separate from the noncompete and non-inducement provisions, taking place after Defendant McLaughlin became employed with Defendant Frontline. ECF No. 1 at 13-17. Defendants do not

otherwise allege unfair or deceptive practices by Plaintiffs. Therefore, Defendants have not adequately pleaded this element.

*2. Public Interest Impact*

Plaintiffs also argue that "[e]ven if Defendants could establish an unfair or deceptive act . . . their CPA claim independently fails because they have not alleged public interest impact." ECF No. 44 at 16.

"Whether the public has an interest in any given action is determined by reference to several factors, depending upon the context in which the alleged acts were committed." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. App. 1997). "When a transaction is a private dispute . . . and not a consumer transaction, it is more difficult to show public interest in the subject matter." *Id.* "There must be a likelihood additional persons have been or will be injured in the same fashion." *Id.* Relevant factors include (1) whether the acts were committed in the course of business; (2) whether defendant advertised to the public; (3) whether defendant solicited plaintiff; and (4) whether plaintiff and defendant had unequal bargaining positions. *Hangman*, 719 P.2d at 538.

Defendants allege the following:

> RACOM's actions have an impact on the public interest. The Washington legislature has prohibited the enforcement of noncompete covenants unless specific conditions are met. If RACOM or other employers were permitted to bypass this prohibition by asserting that what are clearly and unequivocally noncompete claims are somehow misappropriation or tortious interference claims, then this practice

> would render Washington's prohibition of noncompete covenants meaningless.

ECF No. 42 at 22. However, Defendants have not alleged that Plaintiffs advertised to the public, that Defendants were solicited by Plaintiffs, or that Plaintiffs and Defendants had unequal bargaining positions. *See* ECF No. 42 at 21. Further, as discussed above, Defendants did not adequately plead that Plaintiffs enforced or explicitly leveraged the noncompete or non-inducement provisions. Given that Defendants' public interest impact allegations are based on the assertions that Plaintiffs are improperly enforcing noncompete agreements, Defendants have not adequately pleaded a public interest impact.

**C. Leave to Amend**

Plaintiffs request that the Court dismiss all three of Defendants' counterclaims with prejudice. ECF No. 44 at 18.

Fed. R. Civ. P. 15(a)(2) provides that a court should freely grant leave to amend the pleadings when justice so requires. "Amendments to pleadings are 'applied with extreme liberality.'" *Key Tronic Corp. v. SkyBell Techs., Inc.*, No. 23-CV-237, 2023 WL 8634781, at *1 (E.D. Wash. Dec. 13, 2023) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Courts consider five factors when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) previous amendments, and (5) futility of the amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *see*

*also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). "[T]he court must grant all inferences in favor of allowing amendment." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

On balance, the *Davis* factors weigh against leave to amend. Although there is no indication of bad faith, Defendants have previously amended their pleadings following the dismissal of their former counterclaims. ECF Nos. 40, 42. Additionally, the Court finds amendment would be futile as it does not appear that Defendants will be able to cure the deficiencies in the counterclaims. Therefore, the Court dismisses Defendants' counterclaims with prejudice.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Dismiss Frontline's Counterclaims, **ECF No. 44**, is **GRANTED.**

2. All claims against Plaintiffs are **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED September 22, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE